Ralph O. STAUBER and Mary S. Boder, Plaintiffs-Appellants,

v.

Lawrence L. KIESER and Juanita Kieser, co-partners d/b/a J & L Outlet, Defendants-Appellees.

Ralph O. STAUBER and Mary S. Boder, Plaintiffs-Appellants,

v.

ALLIED MILLS, INC., Defendant-Appellee.

No. 80–2336.

United States Court of Appeals, Tenth Circuit.

Feb. 8, 1982.

Order Published Feb. 2, 1987.

W.H. Utz, Jr., of Utz, Litvak, Thackery, Utz & Taylor, St. Joseph, Mo., for plaintiffs-appellants.

Thomas G. Kokoruda and George A. Barton of Shughart, Thomson & Kilroy, Kansas City, Mo., and Jack R. Euler of Euler & Euler, Troy, Kan., for defendants-appellees.

Before SETH, Chief Judge, and PICKETT and SEYMOUR, Circuit Judges.

PER CURIAM.

Defendants-appellees have filed a motion to dismiss this appeal as untimely. For the reasons hereinafter stated, this motion is denied.

In the case below, the district court granted defense motions for summary judgment on April 17, 1980. Since May 17 fell on a Saturday, the thirty-day time limit for filing an appeal fell on Monday, May 19. On April 30, plaintiffs sought to extend the time to file a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. The district court granted an extension to May 10, a Saturday, and the Rule 59 motion itself was filed by plaintiffs the following Monday, May 12. The motion was subsequently denied on November 21; a notice of appeal followed on December 19.

Defendants contend that since the Rule 59 motion was untimely, *i.e.*, filed beyond the ten days allowed by rule, it was ineffective to toll the thirty-day appeal period, which expired in May.

District courts are without jurisdiction to extend the time to file motions under Rule 59(e). Fed.R.Civ.P. 6(b); *Browder v. Director, Department of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). However, it is here obvious that plaintiffs *relied to their detriment* upon the district court's statements and action. That is, by granting an extension and then accepting the Rule 59(e) motion, the district court led plaintiffs to believe that those actions were properly done. As a consequence, plaintiffs permitted the thirty-day appeal period to expire on May 19 without filing their notice of appeal. In these "unique circumstances," it would

now work a great hardship on plaintiffs to dismiss the appeal as untimely. *Thompson v. Immigration & Naturalization Service,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). The court is of the opinion that to do so would not be in the best interests of justice.

Consequently, the motion to dismiss this appeal as untimely is denied.