**In re Tim THEMY, dba Brinecell Manufacturing Co., Debtor.**

**Tim THEMY, dba Brinecell Manufacturing Co., Appellant,**

v.

**Jason YU, Appellee.**

No. 93–4020.

United States Court of Appeals, Tenth Circuit.

Sept. 16, 1993.

David E. Leta and Jeffrey T. Sivertsen of Snell & Wilmer, Salt Lake City, UT, for appellant.

J. Thomas Bowen of Tanner, Bowen & Williams, Salt Lake City, UT, for appellee.

Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,* District Judge.

---

* Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

CAUTHRON, District Judge.

Debtor-appellant Tim Themy appeals the district court order affirming the bankruptcy court's denial of his motion to dismiss. Because the bankruptcy court was within its authority to accept the creditor's out-of-time complaint, we affirm.[1]

Tim Themy, acting pro se, filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 17, 1990. The bankruptcy court issued a notice setting the § 341 meeting of creditors for October 22, 1990, and setting December 21, 1990, as the deadline for filing objections to the debtor's discharge under 11 U.S.C. § 727, and for filing complaints challenging the dischargeability of a debt under 11 U.S.C. § 523. The notice was in the form of a court order, issued over the typed name "John H. Allen, Bankruptcy Judge." R.I., at 1.

Creditor Jason Yu received the court's notice, and his attorney attended the October 22, 1990 meeting of creditors. This meeting was continued to permit Themy's newly retained counsel to file amended schedules.

The bankruptcy court sent out a second notice, advising creditors of the continued meeting, and setting February 15, 1991, as the deadline for filing complaints under §§ 523 and 727. The notice was again in the form of a court order, bearing the bankruptcy judge's name. On February 14, 1991, creditor Yu filed a complaint against Themy seeking to have his debt deemed nondischargeable and seeking to deny Themy's discharge.

Themy filed a motion to dismiss, arguing that because the complaint was filed beyond the mandatory sixty-day time limit set by Bankr.R. 4004(a) and 4007(c), and because no motion to extend the deadline had been made, the bankruptcy court was without jurisdiction to determine the complaint. The bankruptcy court denied the motion to dismiss, holding that a creditor is entitled to rely on information sent out by the clerk's office even though it is contrary to the rules when it leads him to defer action otherwise required. The district court affirmed, holding that if it were error to send the second notice, the bankruptcy court had authority to correct its own error and, in fact, was required to do so. This appeal followed.

■ The legal conclusions of the bankruptcy court are subject to de novo review. *Rowe Int'l, Inc. v. Herd (In re Herd)*, 840 F.2d 757, 759 (10th Cir.1988). We are bound by the bankruptcy court's factual findings, however, unless they are clearly erroneous. *Id.*

■ Rules 4004(a) and 4007(c) set a strict sixty-day time limit within which a creditor may dispute the discharge of the debtor and the dischargeability of debts. Rules 4004(b) and 4007(c) provide that this deadline may only be extended for cause, after a hearing, if a motion is made before expiration of the sixty days. Finally, Rule 9006(b)(3) provides that a "court may enlarge the time for taking action under Rules ... 4004(a) [and] 4007(c) ... only to the extent and under the conditions stated in those rules." Together, these rules prohibit a court from sua sponte extending the time in which to file dischargeability complaints. *See Anwiler v. Patchett (In re Anwiler)*, 958 F.2d 925, 927 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992). This circuit has strictly construed such deadlines, holding that a Chapter 7 creditor with actual notice of a bankruptcy is bound by the sixty-day limit even if no formal notice of the deadline is received. *See Walker v. Wilde (In re Walker)*, 927 F.2d 1138, 1145 (10th Cir.1991); *Yukon Self Storage Fund v. Green (In re Green)*, 876 F.2d 854, 857 (10th Cir.1989).

■ The bankruptcy court's acceptance of Yu's complaint, however, was not a sua sponte extension of the deadline, but was an exercise of the court's authority to correct its own errors. A court has the inherent equitable power to correct its own mistakes. *See, e.g., Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 226 (10th Cir.1980); *Jusino v. Zayas*, 875 F.2d 986, 989 n. 3 (1st Cir.1989). The court's equity powers are

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

recognized in 11 U.S.C. § 105(a), which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

*See In re Anwiler*, 958 F.2d at 929 ("The equitable power given to courts by 11 U.S.C. § 105(a) would be meaningless if courts were unable to correct their own mistakes."); *cf. Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383, 1386–87 (10th Cir.1987) (holding that bankruptcy court should have used "its equity powers and general powers (Section 105 of the Code)" to ensure that all creditors would have an opportunity to present their claims), *cert. dismissed*, 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988).

Although the provisions of Rules 4004 and 4007 are strictly enforced, courts have almost uniformly allowed an out-of-time filing when the creditor relies upon a bankruptcy court notice setting an incorrect deadline. For example, in *Francis v. Riso (In re Riso)*, 57 B.R. 789 (D.N.H.1986), the bankruptcy court had issued a second order setting the deadline more than a month after the statutory period expired. The district court affirmed the bankruptcy court's use of its equitable powers to allow a late filing, holding that "[i]f the equitable power of the bankruptcy court [were] *not* invoked, an injustice [would] occur and [the creditor would] lose his right to object because of his reliance on error made by the bankruptcy court." *Id.* at 793. The court emphasized that it was not creating a new substantive right, but was merely allowing the creditor to exercise rights already existing. *Id.*

In *In re Anwiler*, the Ninth Circuit surveyed the cases considering this issue and concluded that when a second notice is issued by the court with jurisdiction over a bankruptcy case, the creditors may reasonably believe that it is operative, requiring an exercise of the court's equitable powers to permit an untimely filing. 958 F.2d at 929; *see also Oak Hollow South Assocs. v. Cortes (In re Cortes)*, 125 B.R. 418, 420–21 (E.D.Pa.1991); *Dwyer v. Hershkovitz (In re Hershkovitz)*, 101 B.R. 816, 819 (Bankr.N.D.Ga.1989); *Brown v. Silbey (In re Sibley)*, 71 B.R. 147, 149 (Bankr.D.Mass.1987). *But see P.S.T.C. Employees Fed. Credit Union v. Kearney (In re Kearney)*, 105 B.R. 260, 263–65 (Bankr.E.D.Pa.1989).

We, too, have approved a late filing when a court exceeded its jurisdiction in extending the time to file a Fed.R.Civ.P. 59(e) motion. In *Stauber v. Kieser*, 810 F.2d 1, 1–2 (10th Cir.1982), we held that there were "unique circumstances" justifying the acceptance of an untimely appeal after the court's purported extension of time led the parties to believe it was properly done and induced their detrimental reliance. This was so despite the fact that a timely notice of appeal is a jurisdictional requirement. *See, e.g. Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978).

Here, although the burden of protecting one's rights is ordinarily placed on the creditor, *e.g., In re Walker*, 927 F.2d at 1145, when the court's act affirmatively misleads the creditor as to a deadline, the court bears responsibility for correcting its error. A creditor should be entitled to rely on the court's orders. For these reasons, we hold that the bankruptcy court was within its authority to accept Mr. Yu's complaint after the sixty-day period expired.

The judgment of the United States District Court for the District of Utah is AFFIRMED.