**Roland COLLARD, Plaintiff–Appellant,**

**and**

**Mark Oakes, Bruce Oakes, Russell Parks, and Dale Larson, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant–Appellee.**

**No. 92–4089.**

United States Court of Appeals, Tenth Circuit.

Nov. 23, 1993.

Anthony M. Thurber, Salt Lake City, UT, for plaintiff-appellant.

Steven M. Talson, Trial Atty., Civ. Div., Dept. of Justice, Washington, DC (Stuart M. Gerson, Asst. Atty. Gen., J. Patrick Glynn, Director, Torts Branch, Civ. Div., Dept. of Justice, and Stephen J. Sorenson, Asst. U.S. Atty., Salt Lake City, UT, with him on the brief), for defendant-appellee.

Before BALDOCK, HOLLOWAY and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Plaintiff-appellant Collard appeals the district court's Fed.R.Civ.P. 41(b) dismissal for failure to prosecute and its denial of a new trial and amended judgment, Fed.R.Civ.P.

---

59. Plaintiff argues that the trial court abused its discretion in granting the motion to dismiss because Plaintiff failed to personally appear at trial. Because we conclude that the notice of appeal was not timely, we must dismiss for lack of jurisdiction.

## Background

Judgment in this case was entered on January 8, 1992. Sua sponte, the trial court entered an amended judgment solely to award costs on January 14, 1992. The amended judgment purported to define the commencement of the ten-day period within which a Rule 59 motion could be filed as the date of the entry of the amended judgment, January 14, 1992, rather than January 8, 1992, the date of the original judgment. Aplt.App. at 40.

Plaintiff filed a Rule 59 motion for a new trial on January 24, 1992, more than ten days from January 8, 1992, but within ten days of January 14. The trial court denied the motion on March 30, 1992 and Plaintiff filed a notice of appeal on May 29, 1992.

Concerned about the question of jurisdiction, we requested additional briefing on the issues of (1) whether the January 8, 1992 judgment on the merits was final under 28 U.S.C. § 1291 despite the fact that costs had not been awarded; and, (2) whether Plaintiff's January 24, 1992 post-trial motions were timely and thus tolled the time to file a notice of appeal. Plaintiff maintains that final judgment was not entered until January 14, 1992, thus his appeal is timely.[1]

## Discussion

■ The question presented here is whether a judgment amended solely to award costs is a "judgment" under Rule 59. Rule 54(a) defines "judgment" as "any order from which an appeal lies." Fed.R.Civ.P. 54(a); *Martinez v. Sullivan*, 874 F.2d 751, 753 (10th Cir.1989).

A final judgment under § 1291 must "end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). The January 14 judgment states "that in all other respects [than costs] the Findings of Fact, Conclusions of Law and Judgment [filed] on January 7, 1992, should remain as signed and entered...." Aplt. App. at 39. The January 8, 1992 judgment thus ended the litigation on the merits.

Further, a cost award does not constitute litigation on the merits. Rule 58 states that "[e]ntry of the judgment shall not be delayed for the taxing of costs." Fed.R.Civ.P. 58. The Supreme Court has stated that "a motion for costs ... does not seek 'to alter or amend the judgment' within the meaning of Rule 59(e). Instead, such a request for costs raises issues wholly collateral to the judgment in the main cause of action, issues to which Rule 59(e) was not intended to apply." *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268–69, 108 S.Ct. 1130, 1131–32, 99 L.Ed.2d 289 (1988) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 446, 102 S.Ct. 1162, 1163, 71 L.Ed.2d 325 (1982)). *Cf. Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200, 202–03, 108 S.Ct. 1717, 1721–22, 100 L.Ed.2d 178 (1988) (attorney's fees as an element of costs are collateral).

■ A trial court may not extend, sua sponte or otherwise, the time for a party to file a Rule 59(e) motion when it enters an amended judgment solely to award costs. Rule 6(b) expressly prohibits a trial court from extending the time to file such a motion. Fed.R.Civ.P. 6(b). *See also First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197, 1199 & n. 2 (5th Cir.1990) (Rule 6 time limit not extended by filing of amended judgment).

---

1. The dissent posits that Mr. Collard adequately addresses the finality issue when he merely states that the January 14 judgment is the final judgment. Such a statement, unaccompanied by argument or authority, wholly fails to address the issue. To remedy Mr. Collard's inadequate response, the dissent constructs an argument for him. We decline to do so. *See, e.g., American*

*Airlines v. Christensen*, 967 F.2d 410, 415 n. 8 (10th Cir.1992); *SEC v. Thomas*, 965 F.2d 825, 826 (10th Cir.1992); *Otero v. Buslee*, 695 F.2d 1244, 1250 n. 7 (10th Cir.1982). "Courts do not decide what is not before them." *United States v. Welch*, 928 F.2d 915, 918 (10th Cir.1991). The "unique circumstances" doctrine simply has not been raised by the parties.

Fed.R.App.R. 4(a)(1) requires a party to file the notice of appeal within 60 days of entry of judgment when the United States is a party. Because Plaintiff's Rule 59 motion was untimely and he did not file a notice of appeal until May 29, 1992, more than 60 days after the entry of the final judgment on January 8, 1992, we are without jurisdiction to hear his appeal. "[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." *Budinich,* 486 U.S. at 203, 108 S.Ct. at 1722 (citing Fed.R.App.P. 2, 3(a), 4(a)(1), 26(b)). "A court lacks discretion to consider the merits of a case over which it is without jurisdiction...," *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379–80, 101 S.Ct. 669, 676–77, 66 L.Ed.2d 571 (1981) (*cited in Budinich,* 486 U.S. at 203, 108 S.Ct. at 1722).

DISMISSED.

HOLLOWAY, Circuit Judge, dissenting:

In dismissing this appeal, I am convinced that the majority opinion disregards clearly applicable precedents of the Supreme Court and of our court as well. This leads to a particularly unjust result in view of circumstances plainly shown in our record and brought squarely to our attention by the plaintiff-appellant Collard.[1] Therefore I respectfully dissent.

Collard's Memorandum Brief on the jurisdictional questions, which we requested, took a very clear position on the controlling issue. While our order posed four questions not focusing on the time frame relied on by Collard for filing his notice of appeal, Collard referred early in his memorandum to the interpretation adopted by the trial judge on the filing schedule. At page 2, he pointed out that after the original judgment entered January 8, 1992, there was an amended judgment entered on January 14, 1992, which

awarded costs to the other plaintiffs.[2] That amended judgment also restated the judgment of dismissal against Collard on the merits without costs. Lastly the judge's order told the parties that the ten-day time period for filing a Rule 59 motion "*shall commence to run from the date of entry of this Amended Judgment.*" App. of Appellant at 40 (emphasis added).

Relying on this assurance by the trial judge, Collard served a motion for a new trial under Rule 59(e) on January 24, 1992, within the ten-day period from the entry of the amended judgment on January 14. He thus did so after all the parties, including Collard, had been told by the trial judge that January 14 was the controlling date from which the time for serving a Rule 59(e) motion would run.

On March 30, 1992, an order was entered by the trial judge denying Collard's motion for a new trial after extensive discussion of the merits. In that order, the trial judge stated that the plaintiffs had "filed a *timely motion,* pursuant to Rules 52(b) and 59(a) ... to amend or make additional findings ... and for a new trial." App. of Appellant at 43 (emphasis added). This gave Collard further assurance that calculation of the time for filing his notice of appeal should be based on entry of the order denying his motion for a new trial, which the judge treated as "timely." *Id.* Collard's subsequent notice of appeal filed on May 29, 1992, was timely (within 60 days of the denial of his motion for a new trial as provided by Fed.R.App.P. 4(a)(1) and (4)), assuming reliance was proper on the trial judge's assurance that the time for a Rule 59(e) motion had begun to run with entry of the amended judgment and that Collard's motion had been timely filed.

1. Collard pointed out these circumstances promptly in his memorandum brief on appellate jurisdiction filed in August 1992, which we requested. We did so in July 1992 after the appeal was lodged when we suggested a possible appellate jurisdictional defect.

2. The unresolved question of costs did not prevent the January 8, 1992, original judgment from being a final decision for purposes of appeal in light of *Buchanan v. Stanships, Inc.,* 485 U.S.

265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988). *Cf. Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). Nevertheless, Collard argued in his memorandum that the circumstances he referred to (*i.e.,* the trial judge's interpretation that the time for post-trial motions under Rule 59 began to run from entry of the Amended Judgment) moot the jurisdictional question about finality of the January 8 judgment and other questions we posed.

In sum, all the parties were specifically assured by the trial judge that January 14 was the controlling date from which the time for serving a Rule 59 motion would run. On the basis of that time frame, Collard could reasonably conclude that his motion for a new trial served on January 24 was timely. App. of Appellant at 114–131. Then, with reliance on the March 30, 1992, order denying Collard's motion for a new trial, Collard likewise could reasonably conclude that his notice of appeal filed on May 29 was timely. Such unique circumstances, arising from the assurances of the trial judge, have long been recognized as valid grounds to avoid the harsh result of dismissal.

It is, of course, true that a district court "may not extend the time for taking any action under Rules 50(b) ... and (e) ... except to the extent and under the conditions stated in them." Fed.R.Civ.P. 6(b). Nevertheless where circumstances such as Collard relies on here exist, precedents of both the Supreme Court and our court support the timeliness of Collard's notice of appeal. In *Stauber v. Kieser*, 810 F.2d 1 (10th Cir.1982), we denied a motion to dismiss for lack of appellate jurisdiction under "unique circumstances" similar to those presented here. *Stauber*, 810 F.2d at 1. The appellants in *Stauber*, like Collard here, relied on the district court's extension of time to serve a Rule 59(e) motion and consequently timed their subsequent notice of appeal on the time frame indicated by the district court's order. Recognizing that "[d]istrict courts are without jurisdiction to extend the time to serve motions under Rule 59(e)," (*id.*), we nonetheless held that

> [I]t is here obvious that plaintiffs *relied to their detriment* upon the district court's statements and action. That is, by granting an extension and then accepting the Rule 59(e) motion, the district court led plaintiffs to believe that those actions were

properly done. As a consequence, plaintiffs permitted the thirty-day appeal period to expire ... without filing their notice of appeal. In these "unique circumstances," it would now work a great hardship on plaintiffs to dismiss the appeal as untimely. *Thompson v. Immigration & Naturalization Service*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). The court is of the opinion that to do so would not be in the best interests of justice.

*Id.* at 1–2 (emphasis in original).

We have recently and emphatically reaffirmed *Stauber* in *In re Themy*, 6 F.3d 688, 690 (10th Cir.1993), stating:

> We, too, have approved a late filing when a court exceeded its jurisdiction in extending the time to file a Fed.R.Civ.P. 59(e) motion. In *Stauber v. Kieser*, 810 F.2d 1, 1–2 (10th Cir.1982), we held that there were "unique circumstances" justifying the acceptance of an untimely appeal after the court's purported extension of time led the parties to believe it was properly done and induced their detrimental reliance. This was so despite the fact that a timely notice of appeal is a jurisdictional requirement. *See, e.g., Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978).[3]

This principle we have followed was announced in *Thompson v. Immigration & Naturalization Service*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). There the petitioner served a notice of post-trial motions 12 days after an adverse ruling. The rules then as now required that post-trial motions to amend findings be presented within ten days. No objection was made by the government to the timeliness of the motions.[4] Moreover the trial judge specifically

---

**3.** *Themy* cannot be distinguished on the ground that it involved an error in a bankruptcy judge's order stating a time beyond a "mandatory" 60-day limit for filing a creditor's complaint. As we noted in *Themy*, "the court's act affirmatively [misled] the creditor as to a deadline," which is the same as the situation in Collard's case. Moreover, the clear reaffirmance of *Stauber* is stated in strong terms by this recent *Themy* opinion.

**4.** From our record and the terms of the judge's order in the instant case, it likewise appears that the government here made no objection as to the timeliness of Collard's motion for a new trial below. It appears that the first jurisdictional challenge was made by the government in its

declared the motion for a new trial was made "in ample time." *Id.* at 385, 84 S.Ct. at 397. Timed from the denial of the post-trial motions, a notice of appeal was timely filed within 60 days, although not within 60 days of the original entry of judgment. A dismissal of the appeal by the court of appeals as untimely was reversed. The Supreme Court noted the motions were served within ten days after counsel received notice of entry of judgment and that

> [Petitioner] claims, moreover, that he relied on the Government's failure to raise a claim of untimeliness when the motions were filed and on the District Court's explicit statement that the motion for a new trial was made "in ample time"; for if any question had been raised about the timeliness of the motions at that juncture, petitioner could have, and presumably would have, filed the appeal within 60 days of the entry of the original judgment, rather than waiting, as he did, until after the trial court had disposed of the post-trial motions.

375 U.S. at 386, 84 S.Ct. at 397. In view of the "unique circumstances," the Court vacated the dismissal and remanded for the appeal to be heard on the merits. *Id.* at 387, 84 S.Ct. at 397.[5]

The unique circumstances here are apparent. First there was the specific statement by the trial judge in his amended judgment, ¶ 4, that the time for filing a Rule 59(e) motion would run from entry of the amended judgment. App. of Appellant at 40. Further, there was a clear statement by the trial judge that Collard's motion for a new trial was a "timely" motion; the judge's order denying Collard's motion stated, p. 1, that after entry of the amended judgment, "*the plaintiffs filed a timely motion*, pursuant to Rules 52(b) and 59(a) Fed.R.Civ.P., to amend the judgment and for a new trial." App. at 43 (emphasis added). And the judge then discussed the merits of the motions in detail for 12 pages. Faced with all these circumstances, "it is here obvious that [plaintiff] *relied to [his] detriment*," *Stauber v. Kieser*, 810 F.2d at 1, in filing his notice of appeal on the validity of the time frame established by the order denying his motions. In light of these compelling circumstances and precedents, I am unable to agree to dismissal of Collard's appeal.

I am fully satisfied that Collard's reliance on the trial judge's assurances has been squarely presented to us. When the issue about our appellate jurisdiction was noted by this court *sua sponte*, Collard's memorandum that we requested,[6] pointed out at page two that the amended judgment stated the time for filing post-trial motion under Rule 59 would run from the date of entry of the amended judgment. Memorandum Brief of Collard at 2. Then on the first page of his "Argument," before going into his answer to our four questions on jurisdiction, Collard pointed to the Amended Judgment, stating:

> Paragraph four (4) of the Amended judgment (Exhibit "A" hereto) states:

---

memorandum after this court noted the possible jurisdiction question *sua sponte* and requested simultaneous memoranda from the parties in July 1992, after the appeal was lodged.

**5.** While some of the Justices in dissent have said the "unique circumstances" view has been effectively repudiated, *Houston v. Lack*, 487 U.S. 266, 282, 108 S.Ct. 2379, 2388, 101 L.Ed.2d 245 (1988) (Scalia, J., dissenting), the Court has later noted the *Thompson* principle still applies where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989). Here such specific assurances were given in the trial judge's orders. App. of Appellant at 40, 43. Other courts of appeals continue to

recognize the vitality of *Thompson*. *See Pinion v. Dow Chemical U.S.A.*, 928 F.2d 1522, 1529 (11th Cir.1991); *Varhol v. National R.R. Passenger Corp.*, 909 F.2d 1557, 1562 (7th Cir.1990); *Kraus v. Consolidated Rail Corp.*, 899 F.2d 1360, 1364 (3d Cir.1990).

It is likewise noteworthy that the *Osterneck* opinion in 1989 post-dates both *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988) and *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), and thus undermines any contention that *Buchanan* and *Budinich* somehow preclude continued adherence to the "unique circumstances" doctrine of *Thompson*.

**6.** Our order of July 21, 1992, requested simultaneous memoranda of the parties on four questions relating to appellate jurisdiction.

4. *The ten-day time period for filing of a motion pursuant to Rule 59 Fed. R.Civ.P., and as provided for in Rule 59(e) of said rule, shall commence to run from the date of entry of this Amended Judgment.*

Memorandum Brief of Collard at 3 (emphasis added). Detailing how he calculated the time for serving his motion for a new trial, Collard asserts his motion was served "well within the prescribed period." *Id.* at 4. Collard then argues that these facts "render moot the jurisdictional questions posed by this court." *Id.*

Likewise, in response to the court's third jurisdictional question,[7] Collard states:

Appellant submits that the tolling motions were timely served within the prescribed period in accordance with Rule 6, Federal Rules of Civil Procedure, provisions for computation of time, ... *in view of the lower court's statement in paragraph four (4) of the Amended Judgment.*

*Id.* at 5 (emphasis omitted and added).

In sum, the "unique circumstances" argument is squarely presented to us by Collard's Memorandum and our record.[8] To me, this clearly invokes the equitable principle of the Supreme Court's *Thompson* case, our *Stauber* case and our recent *Themy* opinion, upholding jurisdiction where reliance has been placed on a judge's specific statements. No principled reason for denying Collard the benefit of the foregoing cases is suggested.

As we held in *Stauber*, 810 F.2d at 1–2, in unique circumstances like these, "it would now work a great hardship on plaintiffs to dismiss the appeal as untimely. *Thompson v. Immigration and. Naturalization Service....*" And like the *Stauber* court, I am convinced that dismissal here "would not be in the best interests of justice." *Id.* at 2. Accordingly, I must respectfully dissent.

---

7. The third question (1(c)) asks: "If the tolling motions *were not* timely served, whether the notice of appeal was timely filed 60 days after entry of the January 8, 1992, judgment on the merits?"

8. In presenting his argument when and as he did, Collard cannot be faulted for delay or for any unfairness to the government in making its response to the unique circumstances stressed by Collard. In July 1992, we ordered that "the parties simultaneously shall serve and file memorandum briefs" on our appellate jurisdiction. Thus neither party was given the opportunity for a response to the position of the other side. Moreover, in its brief on the merits filed four months after the jurisdictional memoranda, the Brief for the United States, at 2–3, noted the jurisdictional questions again and reaffirmed the position taken in the government's August memorandum. The government there made no claim of surprise or of a need to further respond to Collard.