**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES A. WOLLAN,

        Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT
OF THE INTERIOR; BUREAU
OF LAND MANAGEMENT;
UNITED STATES DEPARTMENT
OF AGRICULTURE; UNITED
STATES FOREST SERVICE;
ELIZABETH A. ESTILL,
Regional Forester, Rocky Mountain
Region, R2, Denver; KEYSTONE
RESORTS MANAGEMENT, INC.,
a Colorado corporation; RALSTON
RESORTS, INC., a Missouri
corporation; INTRAWEST, INC.,
a Delaware corporation;
KEYSTONE/INTRAWEST, L.L.C.,
a Colorado Limited Liability
Company; VAIL SUMMIT RESORTS,
INC., a Colorado corporation;
and JOHN AND JANE DOES
ONE THROUGH TEN,

        Defendants-Appellees.

No. 98-1219
(D.C. No. 97-K-36)
(D. Colo.)

**ORDER AND JUDGMENT** [*]

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff James A. Wollan filed this action in January 1997, alleging that defendants United States Department of Interior, Bureau of Land Management, United States Department of Agriculture, United States Forest Service, Elizabeth Estill, Keystone Resorts Management, Inc., Ralston Resorts, Intrawest Inc., Keystone/Intrawest, LLC, Vail Summit Resorts, Inc., and ten John and Jane Does, engaged in an unlawful taking of land belonging to him in a land exchange between Vail and the United States Forest Service. On March 4, 1998, the district court granted summary judgment in favor of the Keystone and Vail defendants,

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and on March 13, 1998, it amended the judgment to include the remaining

government defendants *nunc pro tunc* March 4, 1998.

On March 6, 1998, the district court granted plaintiff's motion for an

extension of time to April 6, 1998, to file his request for reconsideration.

On April 6, 1998, plaintiff, acting pro se, filed what purported to be a motion for

reconsideration of the district court's judgments granting summary judgment.

On April 7, 1998, the district court denied this motion on the grounds that

plaintiff had not raised any new arguments or offered new evidence which would

justify reconsideration.  On April 18, 1998, plaintiff filed a document titled

"Motion Confirming 60 Days to Make Notice of Appeal," seeking         assurance from

the district court that he had sixty days from April 7, 1998, the date the court

denied his motion for reconsideration, to file his notice of appeal.  The court

struck the motion as an inappropriate attempt to seek legal advice from the court,

and referred plaintiff to Fed. R. App. P. 4.

Plaintiff did not file his notice of appeal until June 8, 1998.         *See* Fed. R.

App. P. 4(a)(1)(B) (when United States is a party, notice of appeal must be filed

within sixty days after entry of order appealed from).  Therefore, we initially

consider whether this court has jurisdiction to consider the district court's orders

on appeal.  *See Smith v. Barry*, 502 U.S. 244, 245 (1992) (holding that federal

appellate jurisdiction is conditioned on filing a timely notice of appeal).

The federal rules do not recognize a motion to reconsider. The party seeking reconsideration must file a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion seeking relief from judgment under Fed. R. Civ. P. 60(b). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend judgment under Rule 59(e) must be filed within ten days of the entry of judgment, and if timely filed, tolls the time for filing the notice of appeal under Fed. R. App. P. 4(a)(4). A motion filed after the ten-day period is construed as a motion seeking relief from judgment under Rule 60(b), *see Van Skiver*, 952 F.2d at 1243, and the time for filing a notice of appeal is not tolled, *see* Fed. R. App. P. 4(a)(4)(A)(vi).

Fed. R. Civ. P. 6(b) provides that a court may, within its discretion, order an enlargement of time in which to file a motion, but it lacks the authority to grant an extension of time to file a Rule 59(e) motion. *See Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993) (holding that Rule 6(b) prohibits a district court from extending the time within which to file a Rule 59(e) motion). Plaintiff asserts that he relied to his detriment on the district court's grant of his motion for an extension of time to file his motion for reconsideration. He contends that because the district court granted an extension of time, he has shown "unique circumstances" which should excuse his untimely notice of appeal. *See Thompson v. INS*, 375 U.S. 384, 386-87 (1964) (if plaintiff did an act, which

-4-

if properly done, would toll the time for filing an appeal, unique circumstances exist, and appeal should be heard on the merits).

In *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989), the Court limited *Thompson* to apply "only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." Here, the fact that the district court granted plaintiff's motion for extension of time is not the "specific assurance" required by *Osterneck*. *See, e.g., Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1258 (10th Cir. 1990) (holding that where the district court improperly granted a motion for an extension of time to file an appeal, no unique circumstances existed). Therefore, under Rule 6(b), the district court had no authority to extend the time for filing a Rule 59(e) motion, and plaintiff's reliance on the extension of time was unreasonable.

Fed. R. App. P. 3(c) requires a notice of appeal to specify the party making the appeal, the judgment or order from which the party appeals, and the court to which the appeal is taken. Therefore, next we consider whether we can construe plaintiff's "Motion Confirming 60 Days to Make Notice of Appeal" as the "functional equivalent" of a notice of appeal. *See Grimsley v. MacKay*, 93 F.3d 676, 678 (10th Cir. 1996) (reiterating holding that "documents other than the

notice of appeal filed within the appropriate period, such as a docketing statement, may cure defects in the notice of appeal").

Plaintiff's "Motion Confirming 60 Days to Make Notice of Appeal" requests that the district court confirm that he has sixty days from the date the court denied his motion to reconsider to file his notice of appeal. Even construing the requirements of Rule 3(c) liberally, *see Hatfield v. Board of County Comm'rs*, 52 F.3d 858, 862 n.3 (10th Cir. 1995), plaintiff's motion does not contain the information required by Rule 3(c). "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Smith*, 502 U.S. at 248. Therefore, we determine that plaintiff's motion does not comport either technically or functionally with the requirements for a notice of appeal, and this court lacks jurisdiction to review the correctness of the district court's summary judgment orders.

Plaintiff's June 8, 1998 notice of appeal, however, would still be timely as to the district court's denial of plaintiff's motion for reconsideration (construed as a Rule 60(b) motion).[1] *See Van Skiver*, 952 F.2d at 1243 (an appeal from the denial of a Rule 60(b) motion raises for review only the district court's denial and

---

[1] Plaintiff's sixtieth day fell on Saturday, June 6, 1998, therefore his filing on Monday, June 8, 1998, was timely as to the April 7, 1998 denial of his motion for reconsideration. *See* Fed. R. Civ. P. 6(a) (excluding Saturday and Sunday from calculation of time periods under rules).

not the underlying judgment).  Rule 60(b) relief is discretionary and is warranted only in exceptional circumstances.  *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).

Plaintiff continues to argue his alleged legal right to the land in question. At no point in his many pleadings does plaintiff explain how his motion to reconsider satisfied any of Rule 60(b)'s six grounds for relief.[2]  Therefore, in the absence of any argument supporting the grant of relief under Rule 60(b), we conclude that the district court did not abuse its substantial discretion in denying plaintiff's motion to reconsider.  *See Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) (holding that court is "not required to manufacture a party's argument on appeal when it has failed in its burden to draw our attention to the error below").

---

[2]     Rule 60(b) provides in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff's appeal of the district court's orders of March 4, 1998, and March 13, 1998, is DISMISSED for lack of jurisdiction. To the extent that plaintiff's appeal challenges the district court's denial of his Rule 60(b) motion, we AFFIRM the judgment of the district court. Plaintiff's motion to supplement the record on appeal is denied as moot. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge