**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:  CHARLES G. DICKINSON,

Debtor.

VONNE IRENE TORREZ,

Plaintiff-Appellant,

v.

CHARLES G. DICKINSON,

Defendant-Appellee.

No.  99-1506
(D.C. No. 99-N-126)
(D. Colo.)

ORDER AND JUDGMENT   *

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Vonne Irene Torrez appeals the district court's order affirming a decision of the bankruptcy court denying her claim that a debt owed to her by defendant, Charles G. Dickinson, the debtor in bankruptcy, should be excepted from discharge in bankruptcy under 11 U.S.C. § 523(a)(6). Plaintiff hired defendant, an attorney, to assist her in paying off a promissory note encumbering property she owned. Plaintiff alleges in her complaint that defendant advised her to take actions which were not in her best interest, simultaneously represented parties with conflicting interests, and acted negligently in his representation of her, resulting in the loss of her property to foreclosure. Under § 523(a)(6), a debtor is denied discharge from liabilities arising out of his "willful and malicious injury" to another or another's property. Following a bench trial, the bankruptcy court dismissed her complaint, finding that defendant's representation of plaintiff was incompetent and unprofessional, but "was not intentionally injurious within the meaning of § 523(a)(6)." Appellant's App. at 27.

We review the bankruptcy court's legal determinations de novo and its factual findings for clear error. *See Osborn v. Durant Bank & Trust Co. (In re Osborn)*, 24 F.3d 1199, 1203 (10th Cir. 1994). We affirm the bankruptcy court's dismissal of plaintiff's complaint, but for a reason different than that given by the bankruptcy and district courts.

Defendant has sought to have plaintiff's complaint dismissed as untimely because it was filed more than sixty days after the first date set for the creditors' meeting. The time period for filing complaints under § 523(c) is governed by Fed. R. Bankr. P. 4007(c), which stated, prior to subsequent amendment, that "[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Extension of this sixty-day period may only be granted for cause upon a motion filed before the time has expired. *See id*. The bankruptcy court may enlarge the time for filing a complaint under Rule 4007(c) "only to the extent and under the conditions stated" in the rule. Fed. R. Bankr. P. 9006(b)(3).

Here, defendant filed his voluntary Chapter 7 bankruptcy petition on July 31, 1996. The first meeting of creditors held pursuant to § 341 was initially set for September 9, 1996. Because the bankruptcy court failed to mail out notices of the creditors' meeting, however, the first creditors' meeting was reset for October 7, 1996. Plaintiff received a copy of the notice setting the October 7, 1996 meeting. The notice informed plaintiff that the bar date for filing a § 523(c) complaint alleging the nondischargeability of any of defendant's debts was December 6, 1996, sixty days after the first date set for the creditors' meeting.

Due to continuations, the creditors' meeting was not actually held until April 18, 1997.

Plaintiff filed her § 523(c) complaint on June 12, 1997, more than sixty days after the December 6, 1996 bar date. Plaintiff never filed any requests for extensions of time to file her complaint. Defendant immediately filed a motion to dismiss plaintiff's complaint as untimely under Rule 4007(c). In response, plaintiff argued that Rule 4007(c)'s bar date should be triggered by the date the first creditors' meeting was actually held, rather than the first date set for the meeting. The bankruptcy court denied defendant's motion to dismiss in a minute order. Defendant then filed an interlocutory appeal of that decision with the district court, which was summarily denied. As noted, the bankruptcy court ultimately dismissed plaintiff's complaint on the merits. In response to plaintiff's appeals, defendant reasserted his argument in both the district court and this court that plaintiff's complaint was barred under Rule 4007(c). The district court affirmed the bankruptcy court's dismissal on the merits, and concluded that it need not reach the Rule 4007(c) issue.

We now conclude that the plaintiff's complaint was, indeed, untimely filed under Rule 4007(c). Following the literal "first date set" language in Rule 4007(c), an "overwhelming majority of courts" have held that the sixty-day limitations period in Rule 4007(c) runs from the date first set for the § 341

creditors' meeting, regardless of when the meeting was actually held.  3 Norton Bankr. L. & Prac. § 47:68 (2000) ("overwhelming majority of courts");  *see, e.g.* , *Peerless Ins. Co. v. Miller (In re Miller)* , 228 B.R. 399, 401 (B.A.P. 6th Cir. 1999) (collecting cases).  [1]  We concur that Rule 4007(c) unambiguously provides that a § 523(c) complaint to determine dischargeability must be filed within sixty days of "the first date set" for the meeting of creditors.

This court has held that the time limits of Rule 4007(c) must be "strictly enforced."  *Themy v. Yu (In re Themy)* , 6 F.3d 688, 689 (10th Cir. 1993). Bankruptcy Rules 4007(c) and 9006(b)(3) "reflect an important policy or purpose and their enforcement is basic to proper bankruptcy administration."  *H.T. Paul Co. v. Atteberry (In re Atteberry)* , 194 B.R. 521, 525 (D. Kan. 1996) (quotation omitted).  Here, sixty days following the first date set for the meeting of creditors was December 6, 1996.  Plaintiff had actual notice of that bar date, yet did not file her complaint by that deadline.  Nor did she move for an extension of time

---

[1]     Rule 4007(c) was amended in 1999 to eliminate the word "held" and now reads, "A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."  The advisory committee notes state that this amendment was made "to clarify that the deadline for filing a complaint to determine the dischargeability of a debt under § 523(c) of the Code is 60 days after the first date set for the meeting of creditors, whether or not the meeting is held on that date [and that t]he time for filing the complaint is not affected by any delay in the commencement or conclusion of the meeting of creditors." Fed. R. Bankr. P. 4007(c) (Advisory Committee Notes).

within which to file her complaint. *See* Rule 4007(c) and 9006(b)(3). Plaintiff notes that we have recognized that a bankruptcy court has the equitable power under 11 U.S.C. § 105(a) to allow a late-filed complaint when the bankruptcy court was responsible for affirmatively misleading a litigant. *See In re Themy*, 6 F.3d at 690. This exception, however, has no application here. Thus, plaintiff's complaint was untimely.

Plaintiff contends that defendant waived any objection to the untimeliness of her complaint by failing to file a cross-appeal asserting this issue. Defendant was not required to file a cross-appeal, however, because an appellee "may defend the judgment won below on any ground supported by the record without filing a cross-appeal." *Tinkler v. United States ex rel. F.A.A.*, 982 F.2d 1456, 1461 n.4 (10th Cir. 1992) (quotation omitted).

The judgment of the United States District Court for the District of Colorado dismissing plaintiff's complaint is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge