# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

Nos. 01-3531/3532
_____

In re: Marilyn M. Moss, also known     *
as Marilyn M. Bryant, also known as     *
Marilyn Margaret Bryant, also known     *
as Marilyn Moss Bryant, also known as     *
M. Margaret Bryant, also known as     *
Marilyn Wall Bryant, also known as     *
Margaret Whitman Bryant, also known     *
as Margaret "Peggy" Whitman, also     *
known as Margaret Whitman "Peggy"     *
Bryant, also known as Margaret Bryant,     *
also known as Marge Bryant, also     *
known as Mari Bryant, also known as     *
Mary Bryant, also known as Anne     *
Bryant, also known as Ann Whitman,     *
also known as P. M. Whitman, also     *
known as Anne Margaret Whitmen,     *    Appeals from the United States
also known as Anne M. Whitman     *    Bankruptcy Appellate Panel
Bryant, also known as Anne Margaret     *    for the Eighth Circuit.
Whitman Bryant, also known as Anne     *
Margaret Whitman Bryant Trust, also     *
known as M. Whitman Bryant, also     *
known as M. Margaret Whitman     *
Bryant, also known as Catherine L.     *
Whitman, also known as Bryant Family     *
Trust, also known as Solutions, Inc.,     *
also known as Santa Barbara Mortgage     *
Co., Inc., also known as National     *
Supply Corporation, also known as TCI     *
Industries, also known as TCI     *
Investments, also known as T. N.     *
Ayrb Inv. Co., also known as     *

Transpacific Conservancy, Inc., also          *
known as M. Margaret Whitman               *
Bryant Trust Dated April 18, 1997,            *
also known as M. Margaret Whitman           *
Bryant Trust Dated May 18, 1997,            *
                                            *
          Debtor,                            *
                                            *
Marilyn M. Moss,                            *
                                            *
          Appellant,                         *
                                            *
     v.                                     *
                                            *
Steven C. Block,                            *
                                            *
          Appellee.                          *

_____

Submitted:  May 6, 2002
Filed:  May 10, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

In these consolidated appeals, Marilyn Moss appeals the Bankruptcy Appellate Panel's (BAP's) affirmance of two bankruptcy court[1] orders:  (1) sustaining the trustee's objection to debtor's exemptions, and (2) accepting a late-filed complaint. We affirm.  Although Moss raises many issues in these consolidated appeals, we conclude that only one merits discussion.

_____

[1]The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

Moss filed her bankruptcy petition in Missouri and the bankruptcy court initially scheduled a meeting of creditors for September 2, 1998, noting the deadline for filing complaints objecting to discharge or dischargeability of debts was November 2. Moss did not appear on September 2, because she claimed to be severely disabled by multiple sclerosis. Two judgment creditors appeared, however, and alleged Moss had engaged in fraudulent and clandestine transfers of property in relation to a prior bankruptcy action she had filed in California. Shortly thereafter, the bankruptcy court entered an order noting that it was troubled by irregularities in the record, and sua sponte extended indefinitely the time for filing complaints. The court's suspicions were soon confirmed: the purported administrator of Moss's estate informed the court that Moss had suddenly died and had virtually no remaining assets; yet, she was discovered alive months later and was arrested for fraud in relation to her Missouri bankruptcy.

The trustee filed a complaint objecting to Moss's discharge on April 7, 2000, well after the original deadline, November 2, 1998. Moss argued in her response to the complaint that the bankruptcy court lacked power sua sponte to extend the time for filing complaints, and thus, the complaint was untimely. After trial, the bankruptcy court entered judgment for the trustee and denied Moss her discharge. The bankruptcy court found the prior sua sponte, indefinite extension of time for filing complaints erroneous under Federal Rules of Bankruptcy Procedure 4004(a)-(b) (complaints to discharge "shall be filed no later than 60 days after the first date set for the meeting of creditors"; court may for cause grant extension of time "[o]n motion of any party in interest, after hearing on notice") and 9006(b)(3) (court may enlarge time under Rule 4004(a) "only to the extent and under the conditions stated in [the rule]"). The court thus set aside the extension order as clearly erroneous; however, the court found the time limits non-jurisdictional and invoked 11 U.S.C. § 105(a) (court may issue any order necessary or appropriate to carry out provisions of Title 11; no provision shall be construed to preclude the court from taking any action to enforce court orders or rules, or to prevent abuse of process) to "correct" the

bankruptcy court's mistake and deem the complaint timely filed, in order to avoid unjustly penalizing the trustee for relying on the extension order. The BAP affirmed the bankruptcy court's decision.

We review the bankruptcy court's legal conclusions de novo and its findings of fact for clear error. See In re Vote, 276 F.3d 1024, 1026 (8th Cir. 2002). We conclude the bankruptcy court had authority under section 105(a) to accept the untimely complaint, because it was untimely due to the court's own error. See In re Isaacman, 26 F.3d 629, 631-32 (6th Cir. 1994) (bankruptcy court should exercise equitable powers under § 105(a) to accept untimely complaint when creditor files untimely complaint in reliance on incorrect notice of deadline); In re Themy, 6 F.3d 688, 690 (10th Cir. 1993) (courts almost uniformly allow out-of-time filing when creditor relies on incorrect notice of deadline; court bears responsibility for correcting its error when it affirmatively misleads creditor as to deadline); In re Anwiler, 958 F.2d 925, 926, 929 (9th Cir. 1992) (where creditors filed untimely complaint in reliance on incorrect notice of deadline, bankruptcy court would have abused its discretion if it had dismissed complaint as untimely).

We have carefully reviewed Moss's other arguments, and conclude they are meritless. See 8th Cir. R. 47B. We also deny Moss's motion for judicial notice. See Minn. Fed'n of Teachers v. Randall, 891 F.2d 1354, 1359 n.9 (8th Cir. 1989) (per curiam).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-