**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 4, 2006**

**TENTH CIRCUIT**

_____

JESSE A. BROWN, III,

    Petitioner - Appellant,

v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility; PHILL
KLINE, Attorney General of the State
of Kansas,

    Respondents - Appellees.

No. 04-3442
(D. Kansas)
(D.Ct. No. 03-CV-3416-JTM)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of
the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions
of 10th Cir. R. 36.3.

Jesse A. Brown, III, a state prisoner appearing *pro se*[1] and *in forma pauperis*, seeks a certificate of appealability (COA) allowing him to appeal the district court's order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because we conclude Brown did not timely file his notice of appeal, we lack jurisdiction and DISMISS the appeal.

Brown was convicted in state court of aggravated kidnaping, aggravated robbery and criminal threat. He unsuccessfully challenged his convictions on direct appeal and in state post-conviction proceedings. He then petitioned the district court for a writ of habeas corpus, which was denied on June 29, 2004.[2]

Brown filed a motion to alter or amend judgment, pursuant to Rule 59(3) of the Federal Rules of Civil Procedure. The certificate of service was signed by Brown, and stated the motion "was placed in the U.S. Mail, postage prepaid" on July 15, 2004. (R. Doc. 23 at 5.) The envelope was postmarked July 19, and was received and filed by the court on July 20, 2004.

On July 27, the district court denied Brown's motion as untimely. Brown

---

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] The parties and the district court treated the June 29 Order as the relevant document for purposes of determining timeliness. However, pursuant to Rule 58 of the Federal Rules of Civil Procedure, the separate Judgment entered and filed on July 1, 2004, is the appropriate document upon which to calculate timeliness. *See Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992) (discussing the separate judgment requirement of Rule 58).

then filed a motion for reconsideration on August 4, arguing application of the prison mailbox rule rendered his Rule 59(e) motion timely. The district court agreed. The court then reconsidered and denied the Rule 59(e) motion on its merits in an order dated October 6, 2004. Brown filed his notice of appeal on November 8, 2004.

The district court erred in reconsidering Brown's motion. We have consistently held a district court is without authority to extend the time for filing a Rule 59(e) motion. "A trial court may not extend, sua sponte or otherwise, the time for a party to file a Rule 59(e) motion . . . . Rule 6(b) expressly prohibits a trial court from extending the time to file such a motion."[3] *Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993) (citing FED. R. CIV. P. 6(b)); *see also Weitz v. Lovelace Health Sys., Inc.,* 214 F.3d 1175, 1179 (10th Cir. 2000) ("Rule 59 provides no exceptions to the ten-day rule.") Brown's motion thus was required to be "filed no later than 10 days after entry of the judgment," FED. R. CIV. P. 59(e); *i.e.*, by July 16, 2004. The record reflects Brown's motion was received and *filed* by the district court on July 20, 2004.

The only way Brown's Rule 59(e) motion could be deemed timely was if he was entitled to application of the prison mailbox rule. Under the prison mailbox

---

[3] Rule 6(b) of the Federal Rules of Civil Procedure provides in pertinent part, "the court . . . may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e) . . . ."

rule, an inmate's motion is deemed filed at the time he delivers it to the prison authorities for forwarding to the court. *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988); *see* FED. R. APP. P. 4(c)(1).

In his unsigned motion for reconsideration Brown stated, "[p]ursuant to the prison mailbox rule[,] the 59(e) motion was filed the day it was given to the prison authorities for mailing which date was the 15th day of July, 2004." (R. Doc. 27 at 2.) The district court accepted this "declaration as truthful," although the court also acknowledged Brown "provide[d] no evidence that he handed the motion to the prison." (R. Doc. 28 at 3.)

The district court's conclusion affording Brown the benefit of the prison mailbox rule is contrary to the direction of this Court in *United States v. Ceballos-Martinez*, 387 F.3d 1140 (10th Cir.), *cert. denied,* 125 S.Ct. 624 (2004). In that case, decided almost four months before the district court's order here, we held a prisoner must either demonstrate compliance with the prison's legal mail system, or "submit a declaration or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid." *Id.* at 1145.

We recently reaffirmed this position in *Price v. Philpot*:

[A]n inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's

regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

420 F.3d 1158, 1166 (10th Cir. 2005).

Brown's bald assertion that he gave his original Rule 59(e) motion to prison authorities within the filing period does not meet the stringent requirements of *Ceballos-Martinez* and *Price*. Brown's motion to amend was untimely and thus did not toll the time period for filing a notice of appeal from the district court's order denying the petition for writ of habeas corpus. *See* FED. R. APP. P. 4(a)(4)(A)(iv) (requiring *timely* filing of Rule 59 motion). His notice of appeal had to be filed by August 2, 2004, thirty days after entry of the Judgment denying the petition. FED. R. APP. P. 4(a)(1)(A). Brown did not file his notice of appeal until November 8, 2004, over three months past the thirty-day deadline.

The timely filing of a notice of appeal is "mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988). Because Brown failed to file a timely notice of appeal from the denial of his petition, we have no jurisdiction. **DISMISSED**.

**Entered by the Court:**

**Terrence L. O'Brien**

-5-

United States Circuit Judge