# United States Court of Appeals for the Federal Circuit

---

**PROGRESSIVE INDUSTRIES, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

**IRISH OXYGEN COMPANY,**
*Defendant*

---

2017-1941

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-01225-PEC, Judge Patricia E. Campbell-Smith.

---

Decided: April 30, 2018

---

MARY F. APRIL, McDonald Hopkins, LLC, West Palm Beach, FL, argued for plaintiff-appellant. Also represented by TYLER LEE MATHEWS, Cleveland, OH.

ANTONIA RAMOS SOARES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DOUGLAS K. MICKLE.

---

Before PROST, *Chief Judge,* MAYER and REYNA,
*Circuit Judges.*

PROST, *Chief Judge.*

Appellant Progressive Industries, Inc. ("Progressive") appeals the decision of the Court of Federal Claims ("Claims Court"), denying Progressive's Motion for Reconsideration of Amended Judgment Pursuant to Rule 59(e) or, in the Alternative, for Relief from Final Judgment Pursuant to Rule 60(b). We affirm.

I

This bid protest pertains to the Department of Veterans Affairs's ("VA") procurement of medical gases for certain medical facilities maintained by the VA. In response to the VA's initial solicitation, six offerors submitted proposals. Three companies were eventually determined to be in the competitive range: RAS Enterprises LLC ("RAS"), Irish Oxygen Co. ("Irish"), and Progressive. J.A. 2798.

On the merits, Progressive won its protest in part. J.A. 2796–832; *Progressive Indus., Inc. v. United States*, 129 Fed. Cl. 457 (2016). In its October 31 Opinion and Order ("October 31 Order"),[1] the Claims Court found the VA had, among other things, treated the offerors inconsistently when it established the competitive range and that this unequal treatment prejudiced Progressive.

Despite its initial victory, however, Progressive did not obtain the full result it desired. On November 1, the

---

[1] The original, sealed version of the October 31 Order is not included in the record on appeal. Only the public redacted version is included in the record. *See* J.A. 2796 n.1.

day after issuing its decision, the Claims Court issued another order ("November 1 Order"). J.A. 2768–69. This order enjoined the VA from awarding the contracts to RAS and Irish, vacated the existing awards to those companies, and directed the Clerk of the Court to enter judgment remanding the case to the VA for appropriate action consistent with the October 31 Order. J.A. 2769. The November 1 Order also stated that "[n]o costs are awarded to plaintiff," referencing Progressive's prior request for costs and attorney fees. *Id.* The order further stated that Progressive could file a motion for the court to reconsider its decision regarding attorney fees by December 1, 2016. *Id.*

Based on the October 31 and November 1 Orders, judgment was entered in Progressive's favor on November 2, 2016. J.A. 2770. The one-page judgment stated, in relevant part:

> IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that the VA is enjoined from awarding the contract to RAS Enterprises, LLC and Irish Oxygen Company, and the VA's decision to award the contract to RAS Enterprises, LLC and Irish Oxygen Company is vacated. This case is remanded to the contracting officer for appropriate action consistent with the court's Opinion and Order of October 31, 2016. No costs.

*Id.* The judgment also stated: "As to appeal, 60 days from this date, . . . ." *Id.*

On November 3, the day after judgment was entered, the VA filed a Motion for Leave to Submit Status Report Regarding Compliance with the Court's Injunction, and, in the Alternative, Emergency Motion to Modify Court's Injunction. J.A. 2771–76. The VA's motion explained the VA's need to continuously supply medical gases and informed the court of its plan to award emergency bridge contracts to RAS and Irish while it resolicited the contract

consistent with the Claims Court's opinion.  The motion requested that, if the court did not consider the VA's proposed course of action to be consistent with the November 1 Order, the court modify its injunction to permit the VA to continue performance of the current contracts for seven days until the VA could put bridge contracts in place.  J.A. 2772.

The next day, without receiving a response from Progressive, the Claims Court in a November 4 Order granted the VA's motion for leave to file the status report and stated that it "[did] not deem the proposed course of action to be non-compliant."  J.A. 2777.

Later that day, Progressive filed a motion for reconsideration of the November 4 Order, explaining that Progressive could just as easily supply the necessary medical gases if awarded the emergency bridge contracts.  J.A. 2778–80.  In the same motion, Progressive asked for an opportunity to explain its "entitlement to compensation for the severe economic harm it has suffered as a result of the loss of the opportunity to supply facilities . . . covered by the contracts at issue."  J.A. 2780.

On November 15, the Claims Court denied most of Progressive's motion, but granted the motion to a limited extent.  J.A. 2781–83.  With regard to Progressive's claim of entitlement to compensation for economic harm, the court explained that the Tucker Act permits the court to "award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs."  J.A. 2783 (quoting 28 U.S.C. § 1491(b)(2)).  Based on the statute, the court emphasized that it did not have authority to compensate Progressive for lost profits.  The court then stated: "To the extent that Progressive wishes to recover costs incurred in connection with its bid protest, plaintiff may file a motion for relief from the court's November 1, 2016 Order by no later than

Friday, January 13, 2017, and include the relevant legal analysis supporting its request for costs." J.A. 2783 (emphasis omitted).

Later that day, Progressive filed an Emergency Motion for Clarification and Extension of Time. J.A. 2784–88. The Emergency Motion explained that Progressive had intended to file its motion for attorney fees and its bill of costs within 30 days of the final judgment, pursuant to Rule 54(d) of the Rules of the Court of Federal Claims ("RCFC"), with final judgment being defined according to the Equal Access to Justice Act ("EAJA") provisions. *See* 28 U.S.C. § 2412(d)(2)(G). The motion therefore asked the court to vacate the portion of its November 1 Order that stated Progressive was not entitled to attorney fees and costs and that set a deadline (not based on the EAJA provisions) for Progressive to file a motion for reconsideration of that decision. Separately, but in the same motion, Progressive also noted its intent to file a motion for relief from the November 1 Order regarding Progressive's entitlement to bid preparation and proposal costs, as the court had permitted in its November 15 Order. J.A. 2787 n.2. Progressive did not seek to alter the deadline for that motion.

Three days later, on November 18, the Claims Court issued a "Scheduling Order," granting Progressive's request to extend the time to file a motion for attorney fees and costs and setting the deadline consistent with the EAJA deadline. J.A. 2789–90. The Claims Court construed the request to vacate part of the November 1 Order as a Rule 60 motion and set a briefing schedule for that motion. J.A. 2790.

On November 23, five days after the court's Scheduling Order, the court sua sponte issued another order ("November 23 Order"). J.A. 2791–94. This order: (a) withdrew the November 18 Scheduling Order altogether; (b) stated that because the November 1 Order had

"created confusion" regarding Progressive's ability to file a motion for attorney fees and costs, the court was correcting the November 1 Order via Rule 60(a); (c) stated that the November 23 Order would "supersede[]" the November 1 Order; (d) stated that the court was "withdraw[ing]" from the November 1 Order the paragraphs that denied attorney fees and costs and "reissu[ing]" the November 1 Order on that date (November 23); (e) directed the Clerk to "amend" the November 2 judgment to remove the "[n]o costs" language, but otherwise leave the judgment "undisturbed"; and (f) vacated the January 13 deadline for Progressive to file a motion for relief and instead indicated that Progressive could make a motion for attorney fees and costs according to the deadlines in RCFC 54(d). J.A. 2791–92.  Nothing in the November 23 Order pertained to the merits of Progressive's protest.

The same day, the Claims Court entered an Amended Judgment.  J.A. 2795.  The only difference between the original judgment and the Amended Judgment was the removal of the sentence that read:  "No costs."  Like the original judgment, the Amended Judgment included the language: "As to appeal, 60 days from this date, . . . ."

On December 20, Progressive filed a Motion for Reconsideration of Amended Judgment Pursuant to Rule 59(e) or, in the Alternative, for Relief from Final Judgment Pursuant to Rule 60(b) ("Motion for Reconsideration").  J.A. 2833–49.  The Motion for Reconsideration asked the Claims Court to modify the Amended Judgment to direct the VA to reevaluate the bid proposals within the competitive range, rather than resolicit the contracts altogether.  Progressive had not previously requested this type of tailored relief.  Progressive argued that manifest injustice would result if the VA was permitted to resolicit the contract because Progressive would be unable to

compete for the new award.[2] In Progressive's view, this would effectively allow the VA to award contracts to RAS and Irish as it originally had done, despite the Claims Court's holding that the VA unreasonably conducted the procurement in a manner that prejudiced Progressive.

The Claims Court denied Progressive's Motion for Reconsideration on February 21, 2017. J.A. 18–27; *Progressive Indus., Inc. v. United States*, 131 Fed. Cl. 66 (2017).[3] The Claims Court first held that the motion could not be considered under Rule 59(e) because it was not filed within the Rule 59(e) deadline. Second, the Claims Court held that Progressive had not demonstrated the "extraordinary circumstances" necessary to grant relief under Rule 60(b)(6).

Meanwhile, the VA resolicited the contracts, applied the Rule of Two, and awarded contracts to RAS and Irish on May 1, 2017.

Progressive timely appealed the denial of its Motion for Reconsideration, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

---

[2] As explained further below, this is because under a renewed application of the VA's Rule of Two, the contract would need to be set aside for service-disabled or other veteran-owned small businesses if the contracting officer reasonably expects that at least two veteran-owned small businesses will submit offers and that the award could be made "at a fair and reasonable price that offers best value to the United States." 38 U.S.C. § 8127(d). Because Progressive was not a veteran-owned business, and RAS and Irish satisfied the Rule of Two, Progressive was ineligible for the award under the resolicitation.

[3] Although the original order was issued under seal, the public version of the order, filed on March 21, 2017, contains no redactions. J.A. 18 n.1.

## II

Progressive's Motion for Reconsideration sought relief under both Rule 59(e) and Rule 60(b). We will consider each basis for relief in turn.

## A

The first issue before us is whether the Claims Court erred by denying Progressive's Rule 59(e) motion as untimely. Rule 59(e) requires a motion to alter or amend a judgment to be filed no later than 28 days after entry of judgment.[4] The Claims Court held that the time for filing a Rule 59(e) motion began at the time of the original judgment, which was entered on November 2, 2016. Thus, because Progressive waited until December 20 to file its Rule 59(e) motion, the Claims Court found the motion untimely. On appeal, Progressive argues that the Rule 59(e) deadline should have been calculated from the date of the Amended Judgment, which was entered on November 23. We agree with the Claims Court.

The only difference between the original judgment and the Amended Judgment was that the Amended Judgment removed the sentence that read: "No costs." *Compare* J.A. 2770, *with* J.A. 2795. In the November 23 Order accompanying the Amended Judgment, the Claims Court expressly stated that "[t]he rest of the judgment remains UNDISTURBED." J.A. 2792. Likewise, the only difference between the November 1 Order and the version

---

[4]    RCFC 59(e) is identical to Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP"). As we have stated before, "[t]he precedent interpreting the Federal Rules of Civil Procedure applies with equal force to the comparable Rules of the Court of Federal Claims." *Kraft, Inc. v. United States*, 85 F.3d 602, 605 n.6 (Fed. Cir. 1996), *opinion modified on other grounds on denial of reh'g*, 96 F.3d 1428 (Fed. Cir. 1996).

of that order that was reissued on November 23 was the removal of the language denying attorney fees and costs.

The Amended Judgment altered only the collateral issue of costs and therefore did not restart the time period for filing a Rule 59(e) motion in this case. *See Buchanan v. Stanships, Inc.*, 485 U.S. 265 (1988) (per curiam) (holding that a motion for costs raises issues "wholly collateral" to the merits); *cf. Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs,* 134 S. Ct. 773, 777 (2014) (holding that "the pendency of a ruling on an award for [attorney] fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal"); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988) (holding that "an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final").

In *Buchanan*, the Supreme Court held that a motion for costs under Rule 54(d) was not a Rule 59(e) motion because a motion for costs "does not involve reconsideration of any aspect of the decision on the merits" and instead seeks "only what was due *because of* the judgment." *Buchanan*, 485 U.S. at 268.[5] The Court explained that "a request for costs raises issues wholly collateral to the judgment in the main cause of action, issues to which Rule 59(e) was not intended to apply." *Id.* at 268–69. Because the costs motion was not a Rule 59(e) motion, the

---

[5] "Costs" as used in Rule 54(d) is defined in 28 U.S.C. § 1920. Costs include routine litigation expenses such as fees of the clerk and fees for printed or electronically recorded transcripts necessarily obtained for use in the case. *See* 28 U.S.C. § 1920 (listing taxable costs); § 2412(a)(1) (providing for the award of costs as enumerated in § 1920 in cases where the United States is a party).

notice of appeal filed prior to the disposition of the costs motion was timely under the Federal Rules of Appellate Procedure in place at that time.[6]  *Id.* at 269.

At least one circuit court has applied *Buchanan* to the timeliness of a Rule 59(e) motion.  *Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993).  In *Collard*, after entering an original judgment, the court sua sponte entered an amended judgment solely to award costs.  The amended judgment went so far as to purportedly define the Rule 59(e) filing period as beginning on the date of the amended judgment.  The plaintiff thus filed its Rule 59(e) motion within the deadline based on the amended judgment, but outside the deadline based on the original judgment.  In finding the Rule 59(e) motion untimely, the Tenth Circuit explained that the original judgment "ended the litigation on the merits" and that "a cost award does not constitute litigation on the merits."  *Id.*  And, quoting *Buchanan*, the Tenth Circuit reasoned that a request for costs is "wholly collateral to the judgment." *Id.* (quoting *Buchanan*, 485 U.S. at 268–69).

As in *Collard*, the original judgment in this case ended the litigation on the merits, and any ongoing disputes regarding costs or attorney fees were merely collateral issues.  *See id.*; *U.S. for the Use & Benefit of Familian Nw., Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 954–55 (9th Cir. 1994) (applying *Budinich* to explain that attorney fees are "always collateral" and finding a Rule 59(e) motion untimely where the motion had been filed based

―――――――――――

[6]    At the time of *Buchanan*, a notice of appeal filed prior to the disposition of a Rule 59(e) motion was ineffective.  Fed. R. App. P. 4(a)(4) (1986) ("A notice of appeal filed before the disposition of any of the above motions shall have no effect.  A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.").

on the date attorney fees were awarded, rather than the date of judgment). Moreover, Progressive's Rule 59(e) motion addressed matters that had not been modified by the Amended Judgment. As the Second Circuit recently explained:

> When both an initial judgment and an amended judgment exist, the timeliness of a Rule 59(e) motion is determined from the date of the amended judgment *only if* the motion bears some relationship to the district court's alteration of the first judgment. Phrased differently, when a district court alters its judgment, a party aggrieved *by the alteration* must ask for correction *of that alteration* to have the timeliness of their correction determined from the date of the altered judgment. If the Rule 59(e) motion bears no relationship to the district court's alteration of the initial judgment, the motion's timeliness is determined from the date of the earlier judgment.

*Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 221–22 (2d Cir. 2017) (citations omitted); c*f. Kraft*, 85 F.3d at 604–09 (dismissing an appeal as untimely after holding that a Rule 59(e) motion based on a revised judgment would toll the time for appeal "only in instances where the second judgment presents a new significant adverse ruling against the movant which the movant has had no previous opportunity to challenge"). The original judgment in this case therefore marked the beginning of the time period during which Progressive could file a Rule 59(e) motion related to its requested equitable relief. Because Progressive's motion was not filed within 28 days of November 2, its Rule 59(e) motion was untimely.

Progressive argues that the November 23 Order should be construed as restarting all time periods, including the time to file a Rule 59(e) motion. We disagree.

Nothing in the November 23 Order indicated a change in the Rule 59(e) deadline. That order addressed the deadlines to file motions for attorney fees and costs, but nothing more. The only statement that could have caused confusion was the statement in the Amended Judgment, apparently copied from the original judgment, which stated: "As to appeal, 60 days from this date . . . ." J.A. 2795. But, even if the Claims Court intended to change the Rule 59(e) deadline with that statement, it would have lacked the authority to do so. According to RCFC 6(b)(2), "[t]he court must not extend the time to act under RCFC 52(b), *59(b), (d), and (e)*, and 60(b)." RCFC 6(b)(2) (emphasis added).[7] *See Kraft*, 85 F.3d at 604–05 (discussing an earlier version of Rule 6 of the RCFC and FRCP with similar language and explaining that the time to file "a motion to alter or amend the judgment under [RCFC] 59(d), which is comparable to Fed. R. Civ. P. 59(e) . . . may NOT be extended"). As apparent from Rule 6(b)(2), the Rule 59(e) deadline is a firm one, not to be altered even by the court. *See id.*; *Collard*, 10 F.3d at 719 ("A trial court may not extend, sua sponte or otherwise, the time for a party to file a Rule 59(e) motion when it enters an amended judgment solely to award costs. Rule 6(b) expressly prohibits a trial court from extending the time to file such a motion."). We therefore agree with the Claims Court that Progressive's Rule 59(e) motion was untimely.[8]

---

[7]    RCFC 6(b)(2) is almost identical to FRCP 6(b)(2), and the differences are irrelevant to this case.

[8]    Progressive also contends that it was improper for the court to rely on Rule 60(a) to make changes regarding attorney fees and costs. We need not decide whether reliance on Rule 60(a) was appropriate here because the result is the same regardless.

B

After finding the Rule 59(e) motion untimely, the Claims Court addressed Progressive's alternative request for relief under Rule 60(b)(6).[9] This court reviews the denial of a motion under RCFC 60(b) for an abuse of discretion. *Matos by Rivera v. Sec'y of Dep't of Health & Human Servs.*, 35 F.3d 1549, 1551–52 (Fed. Cir. 1994).[10] "An abuse of discretion exists when, *inter alia,* the lower court's decision was based on an erroneous conclusion of law or on a clearly erroneous finding of fact." *Id.* at 1552 (quoting *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.,* 12 F.3d 1080, 1083 (Fed. Cir. 1993)).

Rule 60(b)(6) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for "any other reason that justifies relief." RCFC 60(b)(6).[11] The Supreme Court has indicated that Rule 60(b)(6) should be applied only in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

In denying Progressive's Rule 60(b)(6) motion, the Claims Court explained that Progressive's dissatisfaction

---

[9] Progressive's motion mentioned subsections (1), (5), and (6) of Rule 60(b). The Claims Court analyzed the motion under Rule 60(b)(6), and Progressive has not asked us to consider the other subsections on appeal. We therefore limit our analysis to the standard set forth under Rule 60(b)(6).

[10] Although Progressive seeks de novo review by arguing that the Claims Court misapplied its own rules regarding timeliness of the Rule 59(e) motion, this argument is unpersuasive, given that we agree with the Claims Court's application of the Rule 59(e) deadline.

[11] The language of this Rule matches FRCP 60(b)(6).

with the ultimate result of its bid protest was based on the VA's application of the Supreme Court's decision in *Kingdomware Technologies, Inc. v. United States*, which issued a few months prior to the Claims Court's disposition of the case. J.A. 26; *see* 136 S. Ct. 1969, 1972 (2016). In *Kingdomware*, the Court addressed the VA's application of the Rule of Two, which states that when awarding contracts, the VA must restrict competition to service-disabled or other veteran-owned small businesses if the contracting officer reasonably expects that at least two such businesses will submit offers and that the award can be made at a fair and reasonable price that offers the best value to the government. *Kingdomware*, 136 S. Ct. at 1972; *see also* 38 U.S.C. § 8127(d). Specifically, *Kingdomware* addressed the question of whether the VA must use the Rule of Two every time it awards contracts, or whether the VA must use the Rule only to the extent necessary to meet annual minimum goals for contracting with veteran-owned small businesses. *Id.* The Court held that "the Department must use the Rule of Two when awarding contracts, even when the Department will otherwise meet its annual minimum contracting goals." *Id.* at 1972.

In denying Progressive's Rule 60(b)(6) motion, the Claims Court noted that Progressive could have raised its concerns regarding the potential impact of *Kingdomware* before the original judgment was entered. Although Progressive attempts to explain its rationale for not doing so, there is no indication that Progressive was somehow prevented from raising this issue earlier. And, regardless, it is unclear whether Progressive would have been able to avoid the application of *Kingdomware* even if Progressive had raised the issue prior to judgment. Accordingly, the Claims Court did not abuse its discretion in determining that Progressive failed to present extraordinary circumstances warranting relief under Rule 60(b)(6).

## III

For the foregoing reasons, we agree with the Claims Court that Progressive's Rule 59(e) motion was untimely, and we hold that the Claims Court did not abuse its discretion in denying Progressive's 60(b)(6) motion. We therefore affirm.

**AFFIRMED**

### Costs

The parties shall bear their own costs.