NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT E. FEISS, M.D.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1986

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01263-LAS, Senior Judge Loren A. Smith.

---

Decided:  February 9, 2022

---

ELIZABETH KEY, Nossaman LLP, Sacramento, CA, argued for plaintiff-appellant.  Also represented by KURT W. MELCHIOR, San Francisco, CA.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., LOREN MISHA PREHEIM.

---

Before TARANTO, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

In 2017, Robert E. Feiss brought the present action against the United States in the Court of Federal Claims (Claims Court) under the Tucker Act, 28 U.S.C. § 1491, alleging that the government denied him certain payments—incentive payments for primary care practitioners—to which he was entitled under 42 U.S.C. § 1395*l*(x). In May 2018, the Claims Court dismissed the case for lack of subject-matter jurisdiction, concluding that § 1395*l*(x)(4) precluded judicial review of the government's adverse determination concerning his qualification as a primary care practitioner. *Feiss v. United States*, 138 Fed. Cl. 237, 241 (2018). Dr. Feiss did not appeal that decision.

In February 2021, he filed a motion to vacate the May 2018 dismissal under Rule 60(b)(6) of the Rules of the U.S. Court of Federal Claims, contending that the Supreme Court's decision in *Maine Community Health Options v. United States*, 140 S. Ct. 1308 (2020), represented an intervening change in law that, combined with other inequities, constituted the "extraordinary circumstances" necessary to warrant Rule 60(b)(6) relief. J.A. 102–09; J.A. 124–26; *see, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The Claims Court denied the motion, finding that *Maine Community* was not applicable. *Feiss v. United States*, No. 17-1263, 2021 WL 2272421, at *1–2 (Fed. Cl. Apr. 14, 2021). Dr. Feiss now appeals.

We lack jurisdiction to review the Claims Court's May 2018 dismissal for lack of jurisdiction, because Dr. Feiss did not timely appeal that dismissal and because "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978); *see also Barnes v. United States*, 747 F. App'x 860, 861 (Fed. Cir. 2019). We have jurisdiction only to consider the Rule 60(b)(6) denial, which we evaluate for abuse of discretion. *Progressive*

*Indus., Inc. v. United States*, 888 F.3d 1248, 1255 (Fed. Cir. 2018).  We see no abuse of discretion.

We agree with the Claims Court that *Maine Community* made no change in applicable law that is material to the decisive basis for the 2018 dismissal—the application of the preclusion-of-review provision, § 1395*l*(x)(4), concerning government determinations of status as a qualifying primary care practitioner.  *Maine Community* did not involve that provision or any other preclusion-of-review provision, and what it did involve is too far afield to make the decision in that case a material change in law for present purposes.  *See* 140 S. Ct. at 1320–27.  Because Dr. Feiss has not established a material change in law, and because he has made no argument that extraordinary circumstances exist independent of the asserted material change in law, *see* Feiss Br. 27–34, we affirm the denial of Rule 60(b)(6) relief.

The parties shall bear their own costs.

**AFFIRMED**