NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INTELLIGENT INVESTMENTS, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-2310

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01221-LKG, Judge Lydia Kay Griggsby.

---

Decided:  November 18, 2022

---

WILLIAM J. FLEISCHAKER, Fleischaker & Williams, Joplin, MO, argued for plaintiff-appellant.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

TARANTO, *Circuit Judge*.

In 2011, the government contracted with Intelligent Investments, Inc. to clear debris generated by a tornado that struck Joplin, Missouri. After the government terminated the contract for convenience, Intelligent Investments sued the United States in the U.S. Court of Federal Claims (Claims Court), seeking payments sometimes available to a contractor after a termination for convenience. During discovery, Intelligent Investments obtained several unopposed extensions of deadlines. Eventually, after not receiving responses to some of its discovery requests, the government moved to dismiss the case, but the Claims Court denied the motion and instead instructed Intelligent Investments to respond to the government's requests by a specified date. On the due date, Intelligent Investments sought additional time to respond, and four days later, it responded to the government's requests. At a status conference, the government argued that the responses to seven document requests were insufficient, and the Claims Court directed Intelligent Investments to search for and to produce any documents responsive to those requests by May 15, 2021.

Intelligent Investments missed the deadline, but five days later, it told the government that its principal officer was in the hospital and could not assist in document review. Twelve days later, the parties informed the Claims Court of this development in a joint status report. Nine days after that filing, on June 10, 2021, Intelligent Investments moved for a sixty-day stay—relying on its principal officer's mental-health and other medical conditions, an urgent emergency room visit around May 15, and a statement from the officer's psychologist, and seeking more time to obtain more medical information. J.A. 153–57. The government did not file an opposition.

On June 22, 2021, the Claims Court denied Intelligent Investments's stay request and sua sponte dismissed the

case with prejudice, pointing to Intelligent Investments's noncompliance with three discovery orders. J.A. 1–6. In light of the medical reasons advanced by Intelligent Investments, we conclude that the Claims Court abused its discretion by dismissing the case without finding that the noncompliance was willful or in bad faith and without further inquiry into the asserted medical reasons. We therefore vacate the Claims Court's judgment of dismissal.

I

A

After a tornado struck Joplin, Missouri, on May 22, 2011, the U.S. Army Corps of Engineers contracted with Intelligent Investments, on June 24, 2011, to remove and dispose of tornado-generated debris. The contract was a set-aside contract for small businesses owned by service-disabled veterans. Intelligent Investments, owned and led by Raul Gonzales, met the set-aside preconditions.

On August 19, 2011, the government terminated the contract for convenience under 48 C.F.R. § 52.249-2, which the contract incorporated. Almost a year later, on August 17, 2012, Intelligent Investments submitted a proposal for settling accounts upon the termination for convenience, seeking $4,670,264.82 (a request increased to $4,905,667.71 in a June 2013 supplement). In September 2012, the Corps informed Intelligent Investments that, under 48 C.F.R. § 33.210(b), the Corps could not then negotiate or settle the matter because the contract was the subject of a fraud investigation.

In June 2016, a grand jury of the Western District of Missouri indicted Mr. Gonzales on ten counts based on alleged fraud or false statements relating to the contract. On August 15, 2018, while the criminal case was pending, Intelligent Investments filed a complaint in the Claims Court seeking, among other things, termination-for-convenience costs of $4,905,667.71 under the Tucker Act, 28 U.S.C.

§ 1491(a), and the Contracts Dispute Act, 41 U.S.C. §§ 7101–7109, 7104(b).  On October 16, 2018, the Claims Court granted the government's unopposed motion to stay the case until the criminal case ended.  On December 7, 2018, the criminal-case jury acquitted Mr. Gonzales on all counts, and a judgment of acquittal was entered the same day.

In the Claims Court, on January 10, 2019, the government successfully moved unopposed to continue the stay until funding for the Department of Justice, which had lapsed, was restored.  The Claims Court lifted the stay on February 4, 2019.  The government finally answered the complaint on July 8, 2019, the court entered an unopposed scheduling order on August 19, 2019, and the parties exchanged initial disclosures on October 15, 2019.

B

The government served its first set of requests for document production about six months later, on April 17, 2020 (soon after the disruptions associated with the COVID-19 virus began).  Because nonexpert discovery was set to close on April 24, 2020, under the original discovery schedule, the government moved, unopposed, on April 20, 2020, to extend nonexpert discovery by 150 days.  The Claims Court granted the motion, extending nonexpert discovery through September 21, 2020.

The response to the first set of document requests was originally due May 17, 2020.  But the parties agreed to three extensions, totaling 150 days, that resulted in a due date of October 16, 2020.  Relatedly, the parties also agreed to, and obtained from the Claims Court, an extension of nonexpert discovery to February 18, 2021.

On September 4, 2020, the government served its first set of requests for admissions and first set of interrogatories.  The government wrote to Intelligent Investments on October 26, 2020, to say that it had "not received any

responses" and to ask that the parties "meet and confer." J.A. 99–100.  It also stated: "If the responses to our discovery requests and documents are not received by November 5, 2020, we will be forced to file a motion to compel and/or take other actions."  J.A. 100.

On November 24, 2020, the government moved to dismiss the case under Claims Court Rule 41(b) for failure to prosecute or, alternatively, for an order compelling Intelligent Investments to respond to all outstanding discovery requests.  Intelligent Investments did not timely respond to the motion, and on December 16, 2020, the Claims Court directed Intelligent Investments, by January 8, 2021, to respond to the dismissal motion and to show cause "why it ha[d] not timely filed [a response] to the government's motion to dismiss."  J.A. 158.

Intelligent Investments filed its response on January 8, 2021.  It said that the discovery delay had resulted from Mr. Gonzales's high COVID-19 risk (stemming from "Constrictive Bronchiolitis . . . as a result of environmental hazards [that he was exposed to] in Iraq").  J.A. 102 ¶ 6.  It asserted that "approximately [ten] file boxes of records . . . located in [its] office," J.A. 103–04 ¶¶ 13–22—later asserted to "contain every piece of paper that [it had] relating to the [contract]," J.A. 134, lines 12–14—had to be reviewed by new lead counsel (chosen because of proximity to the Intelligent Investment office in Joplin) with Mr. Gonzales's assistance.  J.A. 103–04.  Mr. Gonzales's health risk impeded that review, but, Intelligent Investments added,

> [d]espite the risks involved, on January 6, 2021[,] Raul Gonzales met with counsel to review the documents . . . .  After meeting with Raul Gonzales [it] now appears to counsel that virtually all of the information requested by the government is already in its possession . . . .  Having had the opportunity to meet with [Mr. Gonzales], counsel is now in a

> position to respond to [the government's] discovery
> requests within [ten] days.

J.A. 104–05 ¶¶ 23, 25, 27.

On February 8, 2021, the Claims Court denied the government's motion to dismiss. The Claims Court stated: "The government's concerns about [Intelligent Investments's] outstanding discovery responses and the conduct of [Intelligent Investments's] counsel are well-founded. But, given [Intelligent Investments's] representation to the Court that it will respond to the government's outstanding discovery requests, the Court is reluctant to dismiss this case with prejudice at this time." J.A. 112–13. The Claims Court directed Intelligent Investments to respond to all of the government's outstanding requests by March 8, 2021. Finally, the Claims Court warned: "Should [Intelligent Investments] fail to comply with this Order, the Court shall dismiss this matter pursuant to [Claims Court] Rule 41(b)." J.A. 113.

C

On March 8, 2021, Intelligent Investments moved for four extra days to respond to the government's outstanding discovery requests, a motion the government opposed the same day. Intelligent Investments asserted good cause based on winter weather in Joplin and counsel's commitments on March 8 through 11. On March 12, 2021, Intelligent Investments responded to all the government's outstanding discovery requests: the interrogatories, document requests, and requests for admissions. Three days later, on March 15, 2021, the parties filed a joint status report, stating in part:

> While [Intelligent Investments] has provided written responses to all of [the government's] outstanding discovery requests, [Intelligent Investments] did not produce any documents. Instead, every one of [Intelligent Investments's] responses to [the

government's] nineteen document requests claims that all responsive documents are attached to plaintiff's termination for convenience proposal, dated August 17, 2012, which is already in the [g]overnment's possession. . . . [The government] notes that it is extremely unlikely that all responsive documents were attached to [Intelligent Investments's] termination proposal. For instance, in its document requests, [the government] requested copies of drafts and internal communications, but [Intelligent Investments's] termination proposal does not appear to include any internal communications or drafts. . . . Counsel for [Intelligent Investments] has offered to confer and resolve this discovery issue.

J.A. 114–15.

On March 22, 2021, the Claims Court scheduled a status conference for April 15, 2021. Two days before that conference, Intelligent Investments wrote to the government, stating in part:

[A]ll of the records of Intelligent Investments pertaining to this [contract] are stored in a group of boxes that are now in [Intelligent Investments's counsel's] office. There are eight file size containers, a larger box and documents in a plastic storage container. . . . You are free to send a representative to my office to go through these documents and to copy any or all of them at your expense. You are free to depose Mr. Gonzales and ask him to explain any of the documents. . . . I do not believe that the rules of discovery require that I go through all of these boxes and organize and index their contents.

J.A. 118.

At the status conference on April 15, 2021, Intelligent Investments stated that it was "ready to go to trial," J.A.

125, line 6, noting that it had "not submitted any discovery requests" because it "believe[d] that [its] case [was] well documented," J.A. 124, line 25, through J.A. 125, line 2. When the government then said that Intelligent Investments had not adequately responded to the government's April 17, 2020 first set of document requests, Intelligent Investments referred to its termination-for-convenience proposal with its 450 pages of documents attached, *see* J.A. 115, and said that "everything that [the government] [was] looking for . . . [was] contained in" that proposal with its attachments, already in the government's possession, J.A. 139, lines 4–7. The Claims Court asked for specific "examples of documents that [the government] believe[d] [were] responsive . . . [and] that were not included." J.A. 133, lines 6–9. The government pointed to document requests 13 through 19, which "go to some of the more fraud defenses that the [g]overnment may have here." J.A. 133, lines 14–16. The government elaborated:

> We asked about internal correspondence, we asked about communications with [Intelligent Investments's] subcontractors, we asked about the division of labor between Intelligent Investments and its subtractors during performance. Things like that. Those are things that could not possibly be attached to [Intelligent Investments's] termination for convenience proposal. There aren't emails attached to that. Presumably they email with their subcontractors. There should be emails, there should be communications about work performed, who's doing what and things like that.

J.A. 133, line 16, through J.A. 134, line 1. Intelligent Investments responded that it was not aware of any such emails, after which the Claims Court asked if "there [had] been an effort . . . to search for responsive emails and internal communications." J.A. 135, lines 1–2. Intelligent Investments answered "no." J.A. 135, line 8.

The Claims Court then "direct[ed] [Intelligent Investments] to conduct a search and to produce any responsive documents to the [g]overnment's requests for document production 13 through 19 on or before May 15th, 2021." J.A. 144, lines 10–13; *see also* J.A. 149 ¶ 1 (April 15, 2021 order stating the same). The Claims Court also denied, as moot, Intelligent Investments's March 8, 2021 motion for extension of time in light of Intelligent Investments's March 12, 2021 response. The Claims Court concluded:

> [T]he Court wants to also remind both parties to please take a look at Rule 16 and Rule 37 regarding failure to comply with a court order and proper discovery requests. Those are actions that can result in sanctions from the Court as well as dismissal of the case, and there has already been a motion to dismiss filed, which the Court has denied. So if a pattern emerges in this case where discovery is not being complied with and the Court's orders are not being complied with, the Court will entertain such a motion pursuant to those rules.

J.A. 145, line 18, through J.A. 146, line 3.

## D

On May 20, 2021, five days after the May 15, 2021 deadline set by the Claims Court in its April 15, 2021 order, Intelligent Investments emailed the government, stating:

> Raul [Gonzales's] wife texted me today and said that he is in the hospital at the Veterans Administration facility in Fayetteville Arkansas and has been unable to come in and go through the documents in order to respond to the request for production. I told her that it would need to be documented with medical records and a physician's report. I do not have any details and will be out town the 21st to the 24th. If I get additional information I will let you know.

J.A. 151.

The parties filed a joint status report on June 1, 2021, summarizing the May 20, 2021 email and stating that counsel for Intelligent Investments was planning to seek a stay and anticipated doing so later that day. On June 10, 2021, Intelligent Investments moved to stay proceedings for sixty days. In its motion to stay, Intelligent Investments stated:

> On the morning of May 14, 2021 Raul Gonzale[s] contacted counsel and advised that he was not feeling well and would be unable to come to the office to go through the documents. As a result of Raul Gonzales'[s] reluctance to review the documents, and due to his mental health history, counsel began to suspect he was suffering from [a] form of depression or anxiety that was preventing him from undertaking the task of reviewing the documents. . . . Mr. Gonzales'[s] wife responded that she had taken him to the Emergency Room and sent counsel a message . . . [about Mr. Gonzales's medical problems, citing Gulf War syndrome].

J.A. 155 ¶¶ 12–13, 15. Attached to Intelligent Investments's motion to stay was a statement from a psychologist, Dr. Anna Ross Hertel, obtained by counsel after he told Mr. Gonzales's wife that he "would need medical documentation of Mr. Gonzales'[s] condition to present to the court in order to seek a stay." J.A. 156 ¶ 16. Dr. Hertel's statement said:

> I am writing this letter regarding the above-named veteran patient, Mr. Raul R. Gonzales. At present, I am treating Mr. Gonzales for PTSD and depression. It is my professional opinion [that] Mr. Gonzales's current symptoms and difficulties are creating clinically significant distress and impairment in all areas of his function. Of most

> importance, Mr. Gonzales will continue treatment
> to address present symptoms.

Cl. Ct. Dkt. No. 44-1; *see* J.A. 156.

On June 22, 2021, the Claims Court denied Intelligent Investments's motion to stay and sua sponte dismissed the case with prejudice, invoking Claims Court Rules 16(f) and 37(b)(2)(A)(v). J.A. 1–6. The Claims Court explained: "A careful review of the litigation history for this matter shows that [Intelligent Investments] has repeatedly failed to comply with the Court's scheduling orders governing the completion of discovery and that [Intelligent Investments] has also failed to respond to the government's long outstanding discovery requests." J.A. 4. The Claims Court pointed specifically to Intelligent Investments's noncompliance with (1) "the Court's April 20, 2020, Scheduling Order setting the close of non-expert discovery for September 21, 2020, by failing to respond to the government's discovery requests by that date"; (2) "the Court's February 8, 2021, Order, because [Intelligent Investments] did not respond to the government's outstanding discovery requests by March 8, 2021, as directed by the Court"; and (3) "the Court's April 15, 2021, Scheduling Order, because [Intelligent Investments] did not provide the documents responsive to the government's discovery request by May 15, 2021, as directed by the Court." J.A. 4. Finally, the Claims Court said:

> [Intelligent Investments] represents to the Court
> that the delay in responding to the outstanding discovery has been due to the COVID-19 pandemic,
> severe winter weather, and the recent hospitalization of the sole officer of Intelligent [Investments].
> But, these understandable challenges do not justify
> a delay of more than one year in responding to the
> government's discovery requests.

J.A. 4 n.1 (citations to the record omitted).

The Claims Court entered final judgment on June 23, 2021. Intelligent Investments timely filed a notice of appeal on August 20, 2021, within the sixty days allowed by 28 U.S.C. § 2107(b). We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

"[T]rial courts are given wide discretion to manage the course" of litigation. *Hendler v. United States*, 952 F.2d 1364, 1380 (Fed. Cir. 1991). Rule 16 embodies this discretion in part and empowers the Claims Court, "[o]n motion or on its own," to "issue any just orders, including those authorized by [Claims Court Rule] 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Cl. Ct. Rule 16(f)(1). Rule 37 provides:

> If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under [Claims Court Rule] 16(b) . . . , the court may issue further just orders. They may include the following:
>
> > . . . .
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part;
> >
> > (vi) rendering a default judgment against the disobedient party; or
> >
> > (vii) treating as contempt of court the failure to obey any order except an order to

>    submit to a physical or mental examina-
>    tion.

Cl. Ct. Rule 37(b)(2)(A). For a sanction of dismissal with prejudice, at least for the issue presented here, the Rule 37 standard governs, even if Rule 41 (or a court's inherent power) is invoked, as the Supreme Court made clear long ago in addressing the Federal Rules of Civil Procedure, which are indistinguishable from the Claims Court's Rules in the respects at issue here. *See Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 207 (1958) (explaining that dismissal of a case as a discovery sanction "depends exclusively upon Rule 37"; that "[t]here is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with trials and which lacks such specific references to discovery"; and that "[r]eliance upon Rule 41, which cannot easily be interpreted to afford a court more expansive powers than does Rule 37, or upon 'inherent power,' can only obscure analysis of the problem before us"); *Progressive Industries, Inc. v. United States*, 888 F.3d 1248, 1253 n.4 (Fed. Cir. 2018) ("[T]he precedent interpreting the Federal Rules of Civil Procedure applies with equal force to the comparable Rules of the Court of Federal Claims.").

We review the Claims Court's dismissal with prejudice for abuse of discretion. *Hendler*, 952 F.2d at 1380 (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)). An abuse of discretion exists if "(1) the court's decision is clearly unreasonable, arbitrary, or fanciful; (2) the decision is based on an erroneous conclusion of the law; (3) the court's findings are clearly erroneous; or (4) the record contains no evidence upon which the court rationally could have based its decision." *Id.* (citing *Western Electric Co. v. Piezo Technology, Inc.*, 860 F.2d 428, 430–31 (Fed. Cir. 1988)).

A

Dismissal of a case with prejudice as a discovery sanction is a "harsh remedy," *Ingalls Shipbuilding, Inc. v. United States*, 857 F.2d 1448, 1451 (Fed. Cir. 1988); "severe," *National Hockey League*, 427 U.S. at 643; and "universally recognized as a sanction of last resort," *Genentech, Inc. v. U.S. International Trade Commission (ITC)*, 122 F.3d 1409, 1423 (Fed. Cir. 1997); *see also* 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2369 (4th ed. updated Apr. 2022). In *Genentech*, which interpreted Federal Rule of Civil Procedure 37 in applying the counterpart ITC rule, we held that "courts are required, before imposing that sanction, to consider fully all the surrounding circumstances, such as the degree of culpability, the amount of prejudice, and the availability of less drastic sanctions." 122 F.3d at 1423; *see id.* at 1411, 1418 (explaining the ITC rule's relationship to Rule 37).

It is enough for us, in this appeal, to focus on an aspect of the culpability component. Specifically, following the Supreme Court, we have long held that dismissal as a discovery sanction "is authorized only when the failure to comply with [a] court order is due to willfulness or bad faith and not from the inability to comply with the order." *Hendler*, 952 F.2d at 1382 (citing *National Hockey League*, 427 U.S. at 640); *see Societe Internationale*, 357 U.S. at 212; *Ingalls Shipbuilding*, 857 F.2d at 1451; *Adkins v. United States*, 816 F.2d 1580, 1582 (Fed. Cir. 1987) (citing *National Hockey League*, 427 U.S. at 640); 8B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2283 (3d ed. updated Apr. 2022) ("[T]he holding of *Societe Internationale* is that a failure to respond to a court order to produce [discovery] is a noncompliance, and brings Rule 37 into play, . . . but that the sanction of dismissal cannot be imposed if the failure was due to inability to comply."). The Claims Court's decision here departed from that legal rule.

B

In dismissing the case, the Claims Court cited three discovery orders—dated April 20, 2020; February 8, 2021; and April 15, 2021—as ones with which Intelligent Investments was not in compliance. J.A. 4. But the Claims Court made no finding of willfulness or bad faith behind the noncompliance. At oral argument, the government acknowledged even the lack of evidence of willfulness or bad faith. Oral Arg. at 16:20–16:25 (counsel stating that "[t]here was not a finding of willfulness or bad faith"); *id.* at 17:34–17:41 (Judge: "Are you contending that there was evidence here of willfulness or bad faith?" Counsel: "I am not.").

The Claims Court pointed first to its April 20, 2020 scheduling order, which granted the government's unopposed motion to extend the close of nonexpert discovery by 150 days to September 21, 2020. The government sought that extension, after a period of little if any activity in the case, just three days after the government served its first set of document requests, with thirty days to respond. But before September 21, 2020, the government agreed to extensions of the document-request response date totaling 150 days, and on September 16, 2020, the government moved to reset the close of nonexpert discovery to February 18, 2021, and the Claims Court granted that motion on October 1, 2020, without admonishment to either party. Then, before the February 18, 2021 date arrived, the government filed a motion to dismiss, and in an order dated February 8, 2021, the Claims Court denied the motion to dismiss and gave Intelligent Investments until March 8, 2021, to respond to the government's outstanding discovery requests. In these circumstances, it is not clear precisely what violation of the April 20, 2020 scheduling order itself even occurred, but in any event, there is no finding of willfulness or bad faith in any violation.

The Claims Court separately pointed to its February 8, 2021 order, which directed Intelligent Investments to

respond to the government's outstanding discovery requests by March 8, 2021, and to the court's April 15, 2021 order, which directed Intelligent Investments to conduct a search and to produce any documents responsive to requests 13 through 19 on or before May 15, 2021. But Intelligent Investments offered explanations for its noncompliance with both orders. First, Intelligent Investments represented—by motion for an additional four days filed on March 8, 2021—that it was unable to comply with the court's February 8, 2021 order because of weather in Joplin and counsel's commitments on March 8 through 11, and it filed responses on March 12. The Claims Court did not rule on the extension request, declaring it moot in light of the March 12 response. Second, Intelligent Investments represented—in the June 1, 2021 joint status report and the June 10, 2021 motion to stay, the latter attaching a letter from Mr. Gonzales's treating physician—that it was unable to comply with the court's April 15, 2021 order because Mr. Gonzales was experiencing medical conditions that impaired his functioning. J.A. 150–51, 153–57; Cl. Ct. Dkt. No. 44-1.

The Claims Court characterized these explanations as reflecting "understandable challenges" and said, without additional explanation, that they did not justify the discovery delay. J.A. 4 n.1. But that determination is not a finding of willfulness or bad faith. And the Claims Court denied the requested opportunity for further development of the evidence regarding Mr. Gonzales's medical conditions that would bear on any determination regarding willfulness or bad faith or inability to comply with a discovery order. In these circumstances, we conclude, the Claims Court did not "make the specific findings necessary to justify the ultimate sanction of dismissal," *Genentech*, 122 F.3d at 1423, and abused its discretion in dismissing the case with prejudice. We vacate the dismissal and remand the case. We do not preclude the Claims Court, on remand, from imposing a lesser sanction if appropriate or even from

dismissing the case if a supported finding of willfulness or bad faith is made and other applicable standards are met.

## III

For the foregoing reasons, the judgment of the Claims Court is vacated, and the case is remanded for further proceedings consistent with this opinion.

Costs awarded to appellant.

**VACATED AND REMANDED**