NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAXWELL JONES,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1862

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-00801-LAS, Senior Judge Loren A. Smith.

---

Decided:  December 6, 2023

---

MAXWELL JONES, Houston, TX, pro se.

EBONIE I. BRANCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

---

Before LOURIE, PROST, and REYNA, *Circuit Judges*.

PER CURIAM.

Maxwell Jones appeals an order of the U.S. Court of Federal Claims denying his Rule 60(b)[1] motion for relief from a judgment. We affirm.

## BACKGROUND

Mr. Jones sued the government in the Court of Federal Claims in January 2021. He alleged in his complaint that he was wrongfully discharged from the Army as a result of an improper General Officer Memorandum of Reprimand ("GOMOR") that was included in his official personnel record. He requested relief in the form of reinstatement, back pay, and correction of his military records, including removal of the GOMOR.

In June 2021, the Court of Federal Claims stayed Mr. Jones's case in light of concurrent proceedings at the Army Board for Correction of Military Records ("Board"). In July 2021, the Board granted Mr. Jones partial relief by removing the GOMOR from his official personnel record. Later, in a revised decision, the Board granted Mr. Jones full relief, including reinstating him to Active Guard Reserve status and authorizing back pay and allowances.

After the Court of Federal Claims was notified of the revised Board decision, the government moved to dismiss Mr. Jones's complaint, arguing that it was moot because the Board had given Mr. Jones all the relief he had requested from the court. In February 2022, the court granted the government's motion, dismissed the complaint as moot, and entered judgment accordingly. *See* Order at 1, *Jones v. United States*, No. 1:21-cv-801 (Fed. Cl. Feb. 24, 2022), ECF No. 23 ("The court agrees that the

---

[1]    Unless otherwise noted, the Rules referenced in this opinion are the Rules of the U.S. Court of Federal Claims.

[Board]'s corrected decision has granted all the relief sought in plaintiff's complaint, leaving no justiciable issues upon which this court can render a decision." (cleaned up)).

In September 2022, Mr. Jones filed a motion under Rule 60(b) seeking relief from that judgment. The court thereafter held several status conferences with the parties, which culminated in an order that Mr. Jones "file a brief detailing his outstanding allegations and identifying the corresponding relief." Order at 1, *Jones v. United States*, No. 1:21-cv-801 (Fed. Cl. Feb. 21, 2023), ECF No. 46.

In his court-ordered brief, Mr. Jones (1) questioned the authenticity of the revised Board decision, (2) alleged that he was still owed back pay, and (3) alleged that the GOMOR had not been removed from his official personnel record. The government's response brief addressed each contention. First, it characterized Mr. Jones's suggestion that the revised Board decision was inauthentic as "no more than an unsubstantiated conspiracy theory . . . . wholly unsupported by the record." Def.'s Corrected Resp. to Pl.'s Mar. 6, 2023 Filing at 6, *Jones v. United States*, No. 1:21-cv-801 (Fed. Cl. Apr. 7, 2023), ECF No. 53. The government deemed the suggestion particularly implausible given that Mr. Jones's official personnel record also contained a memorandum explaining why the Board's decision was revised. *Id.* (referencing GApp'x[2] 19–20). Second, the government explained that Mr. Jones was not owed back pay because any back pay had to be reduced by his separation payment and offset by his civilian earnings since his discharge—leaving him with no back pay owed. *Id.* at 7–8. Third, the government explained that, although the GOMOR *itself* was removed from Mr. Jones's official personnel record, Army regulations required that Board decisions remain in that record. That meant that the revised

---

[2]    "GApp'x" refers to the appendix included with the government's informal brief.

Board decision *referencing* the GOMOR had to stay (though the government represented that it was placed in a restricted folder). *Id.* at 11–12.

The Court of Federal Claims heard oral argument after this round of briefing, and in May 2023, it denied Mr. Jones's Rule 60(b)[3] motion. The court noted that Mr. Jones had "identifie[d] no mistake, newly discovered evidence, or fraud, nor d[id] he demonstrate . . . any other reason that justifies relief." GApp'x 2 (addressing standard for Rule 60(b) relief). Although the court did not explicitly reference Mr. Jones's suggestion that the revised Board decision was inauthentic, it explained in detail why Mr. Jones's allegations concerning owed back pay and the GOMOR lacked merit. As to the former, the court explained that Mr. Jones had "accrued $92,401.56 of back pay and allowances for the separation period" but that the Defense Finance and Accounting Service "was required to deduct $92,401.56 from that amount for separation pay already paid out to plaintiff, an offset for plaintiff's civilian earnings during the separation period, and other smaller deductions." GApp'x 2. To do otherwise, the court observed, would award Mr. Jones "an unearned windfall" instead of returning him "to the same position he would have had if he had not been separated from military service." GApp'x 2 (cleaned up) (citing Department of Defense

---

[3]    Mr. Jones's motion had also cited Rule 59 as supporting relief, but the Court of Federal Claims concluded that the potentially relevant provision of that rule could not apply because Mr. Jones had filed his motion well outside the applicable 28-day timeframe. GApp'x 1 n.1 (citing Rule 59(e)). The Court of Federal Claims therefore evaluated the motion only under Rule 60(b). *See id.* Mr. Jones does not dispute that treatment, so we will likewise evaluate the motion and the Court of Federal Claims' order only under Rule 60(b).

Financial Management Regulation Volume 7A, ch. 1, ¶ 3.1.6, titled "Corrections of Military Record"). As to the latter, the court credited the declaration of a Paralegal Specialist with the Army Legal Services Agency and found that, although "[t]hree documents in a restricted folder . . . reference the *removal* of the GOMOR . . . , the GOMOR itself is gone." GApp'x 3 (emphasis in original) (referencing GApp'x 34–36). The court further explained that Army regulations required that Board decisions and records of proceedings remain in Mr. Jones's record. *See* GApp'x 3 (citing Army Regulation 600-8-104). The court accordingly denied Mr. Jones's Rule 60(b) motion and denied all other pending motions as moot. GApp'x 3.

Mr. Jones timely appealed the Court of Federal Claims' order denying his Rule 60(b) motion.[4] We have jurisdiction under 28 U.S.C. § 1295(a)(3).

### DISCUSSION

We review the Court of Federal Claims' denial of a Rule 60(b) motion for abuse of discretion. *E.g.*, *Progressive*

---

[4] Although some statements in Mr. Jones's informal briefing suggest that he considers the underlying February 2022 dismissal judgment to be within the scope of this appeal, we lack jurisdiction to review that judgment because this appeal was filed well beyond 60 days after that judgment. *See, e.g.*, *Peretz v. United States*, No. 21-1831, 2022 WL 1232118, at *3–5 (Fed. Cir. Apr. 26, 2022) (as modified) (nonprecedential). And "an appeal from denial of [Federal Rule of Civil Procedure] 60(b) relief does not bring up the underlying judgment for review." *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978); *see Peretz*, 2022 WL 1232118, at *4 (applying this principle in the context of Rule 60(b) of the Court of Federal Claims). We will therefore not review the February 2022 dismissal judgment.

*Indus., Inc. v. United States*, 888 F.3d 1248, 1255 (Fed. Cir. 2018). "A court abuses its discretion when (1) its decision is clearly unreasonable, arbitrary[,] or fanciful; (2) the decision is based upon an erroneous construction of the law; (3) its factual findings are clearly erroneous; or (4) the record contains no evidence upon which the . . . court could have rationally based its decision." *Shell Oil Co. v. United States*, 896 F.3d 1299, 1306–07 (Fed. Cir. 2018) (cleaned up).

Mr. Jones fails to demonstrate that the Court of Federal Claims abused its discretion in denying his Rule 60(b) motion. To begin, he insists that the revised Board decision was "forged," and he criticizes the Court of Federal Claims for not specifically addressing that contention. *See* Appellant's Informal Br. 2–6. Yet, although the court's order did not discuss this contention specifically, *cf.* GApp'x 2 (concluding generally that Mr. Jones had not identified fraud), none of Mr. Jones's arguments persuade us that its treatment of this issue was so unsatisfactory as to give rise to an abuse of discretion in denying Rule 60(b) relief. Similarly, while Mr. Jones continues to object to the reduction of his back pay, *see* Appellant's Informal Br. 8–9, and to documents referencing the GOMOR remaining in his official personnel record, *see id.* at 5–6, his arguments either lack meaningful engagement with the Court of Federal Claims' reasoning, are unsupported, or are undeveloped. For example, he argues that "10 U.S.C. §§ 1174 [and] 1174a" "prohibit[] any collection of severance or separation[] pay [to] be deducted from a service member[']s salary." *Id.* at 9. But he does not provide any explanation of how these statutory provisions support his assertion, and on their face, it is not clear that they do.

In sum, the abuse-of-discretion standard is deferential. And considering Mr. Jones's arguments—particularly against what appears to have been a diligent, sustained effort by the Court of Federal Claims to ensure that his salient concerns were heard and addressed—we cannot say

that the court abused its discretion by denying Rule 60(b) relief.

CONCLUSION

We have considered Mr. Jones's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.[5]

**AFFIRMED**

COSTS

No costs.

---

[5] Mr. Jones filed a motion (ECF No. 20) seeking to supplement the appellate record and offer materials for this court's judicial notice. The government did not file a response opposing this motion. We grant the motion (albeit only insofar as it seeks to supplement the record on appeal and make materials available for this court to potentially judicially notice), but it does not change our disposition of this appeal.