NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CONSTANTINE ANANIADES,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1951

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01666-TMD, Judge Thompson M. Dietz.

---

Decided: March 10, 2026

---

CONSTANTINE ANANIADES, Arcadia, CA, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, LOURIE and REYNA, *Circuit Judges*.

PER CURIAM.

Constantine S. Ananiades appeals a United States Court of Federal Claims order denying his renewed motion for relief from judgment under Rule 60(b)(6).[1] We *affirm*.

## BACKGROUND

In 2022, Mr. Ananiades sued the United States in the Court of Federal Claims alleging, among other claims, takings and breach-of-contract claims relating to a physical container he submitted to the United States Department of the Air Force (Air Force) in 1984. Appx. 1–14.[2] The Court of Federal Claims dismissed his complaint for lack of subject matter jurisdiction, determining the applicable six-year statute of limitations barred Mr. Ananiades' claims. Appx. 50–53; 28 U.S.C. § 2501.

We affirmed the Court of Federal Claims decision. Appx. 54–60. After denying both Mr. Ananiades' petition for panel rehearing and petition for rehearing en banc, we issued our mandate. S. Appx. 12;[3] S. Appx. 13–14; S. Appx. 23. Mr. Ananiades then filed several motions for relief from judgment under various sections of RCFC 60(b) and motions for reconsideration in the Court of Federal Claims, all of which were denied. Appx. 108–11 (July 2024 Order denying Motion for Relief); Appx. 139–43 (January 2025 Order denying Motion for Reconsideration and Relief from Judgment); Appx. 155–56 (April 2025 Order denying Renewed Motion for Reconsideration); Appx. 177–78 (May 2025 Order denying Renewed Motion for Relief). Mr. Ananiades appeals the Court of Federal Claims May 2025

---

[1]    Rule 60(b)(6) refers to that of the Rules of the Court of Federal Claims (RCFC).

[2]    "Appx." refers to the appendix filed with Appellant's brief.

[3]    "S. Appx." refers to the appendix attached to Appellee's brief.

denial of his last motion for relief from judgment.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims denial of a motion for relief from judgment under RCFC 60(b) for abuse of discretion. *Progressive Indus., Inc. v. United States*, 888 F.3d 1248, 1255 (Fed. Cir. 2018).  An abuse of discretion occurs when a court's ruling rests on an incorrect legal conclusion or on a clearly erroneous factual finding. *Id.*  Under RCFC 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for "any other reason that justifies relief."  But such relief should be granted only in "extraordinary circumstances." *Progressive*, 888 F.3d at 1255 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)).

In denying Mr. Ananiades' renewed motion for relief from judgment, the Court of Federal Claims explained that Mr. Ananiades had not identified any extraordinary circumstances warranting relief but instead "attempt[ed] to relitigate the dismissal of his case," which the court previously determined to be "decisively time-barred." Appx. 177; Appx. 53.  The Court of Federal Claims understood Mr. Ananiades' renewed motion as challenging (1) the court's treatment of his allegations in dismissing the complaint, (2) the standard of review we applied in affirming the dismissal, and (3) the court's application of its timing rules.  Appx. 177–78; Appx. 161–66.  The Court of Federal Claims noted these challenges amounted to "attempts by Mr. Ananiades to retry his case after he ha[d] been afforded a full and fair opportunity to do so." Appx. 178.  Seeing no circumstances in Mr. Ananiades' renewed motion for relief or his previously denied motions that warrant relief from judgment under RCFC 60(b)(6), the court denied Mr. Ananiades' renewed motion.

On appeal, Mr. Ananiades raises previously litigated issues from prior orders and opinions. *See, e.g.*, Ananiades

Br. 8–16 (challenging the court's consideration of his factual allegations in dismissing the complaint). An appeal from a denial of a RCFC 60(b)(6) motion, however, does not reopen the underlying decision for review. *Browder v. Dir., Dep't of Corrs. of Illinois*, 434 U.S. 257, 263 n.7 (1978).[4] Mr. Ananiades provides no basis for us to conclude the Court of Federal Claims abused its discretion in denying his renewed motion for relief from judgment.

## CONCLUSION

We have considered Mr. Ananiades' remaining arguments and find them unpersuasive. Accordingly, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.

---

[4] Although *Browder* references Federal Rule of Civil Procedure 60(b), 434 U.S. at 263, the language of that Rule (at least with respect to 60(b)(6)) matches that of RCFC 60(b). *See Info. Sys. and Networks Corp. v. United States*, 994 F.2d 792, 794 & n.3 (Fed.Cir.1993) (applying the *Browder* standard of review because "Rule 60(b) of the [Court of Federal Claims] is a virtual duplicate of Federal Rule of Civil Procedure 60(b)").